## BARNES et al. v. ELLIS COUNTY MUT. AID INS. ASS'N et al. (No. 534.)

Court of Civil Appeals of Texas. Waco. June 2, 1927.

Rehearing Denied July 5, 1927.

1. Pleading ☞84—In suit against insurance company and its officers, in which officers testified, answer for defendant, not stating which defendant, should be construed as answer for all defendants.

In suit against insurance company and its officers in which only answer filed was for defendant, it not stating what defendant, where officers were present in court and testified, answer should be construed as answer for all defendants.

2. Insurance ☞56—Officers of mutual insurance association held not liable on policy, where association was not liable.

Officers of mutual insurance association held not liable on life insurance policy where association was not liable.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Suit by Mrs. Vera Barnes and husband against the Ellis County Mutual Aid Insurance Association and others. From the judgment, plaintiffs appeal. Affirmed.

Will Hancock, of Waxahachie, Thompson, Knight, Baker & Harris, of Dallas, and Lem Wray, of Waxahachie, for appellants.

Mark Smith, of Waxahachie, for appellees.

BARCUS, J. Appellants brought this suit against the Ellis County Mutual Aid Insurance Association and its officers individually to recover $1,000, the face value of an insurance policy issued by the insurance association on the life of Mrs. Mary J. Honea, the mother of appellant Mrs. Barnes. The policy was dated July 12, 1923, and Mrs. Honea died in February, 1924. The policy issued to Mrs. Honea provided that she should pay $1 upon the death of any member of the association within 30 days from the date of call, and $2 per year annual dues, $1 to be paid March 1st and $1 September 1st of each year; and provided that failure to pay any assessment so levied within 30 days from date of call, or to pay said semiannual dues on or before the dates due, should forfeit all claims as a member of the association. It appears without dispute that after the policy was issued there were four calls made on account of deaths in the association prior to November, 1923, and one-half the annual dues were payable September 1st. No payment was made on any of said calls; neither were the semiannual dues paid on September 1st. On the last of November, Mrs. Honea's membership and policy were by the officers of the company marked forfeited and canceled on the books of appellee. Appellants contend that the insurance company was not authorized to cancel the policy for nonpayment, their contention being that appellant Mrs. Barnes, the daughter of Mrs. Honea, took out the policy of insurance on her mother's life, payable to appellant, and that she made a contract with appellee under the terms of which she (appellant) was to be notified of each call, and she claims that no notice was sent to her and that for said reason the company was not authorized to cancel the policy. Appellant's contention is without merit. The jury found—and its finding is amply supported by the evidence—that the company did notify appellant of the calls.

[1, 2] Appellants contend that they were entitled to a judgment by default against the officers of the insurance company because they did not file any answer. We overrule this assignment. The only answer filed is for the defendant; it does not state what defendant, and it appears from the record that the officers of the company were present in court and testified, and we think the answer should be construed as an answer for all the defendants. We think further that appellants, under the pleadings, were entitled to a judgment against the officers of the company only in event they should recover a judgment against the company and were able to show that their claim had been jeopardized by reason of the acts of the officers in failing to make the proper call. Since under the findings of the jury they were not entitled to a judgment against the company, they were as a matter of law not entitled to a judgment against the officers of the company.

We have examined all of appellants' assignments of error, and same are overruled. The judgment of the trial court is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes