**COLGATE–PALMOLIVE–PEET CO. et al. v. PERKINS et al.**

**No. 4151.**

Court of Civil Appeals of Texas. Texarkana.

March 29, 1932.

Rehearing Denied April 14, 1932.

McCormick, Bromberg, Leftwich & Carrington, Haskell H. Cooper, and W. Hughes Knight, all of Dallas, and Lennox & Lennox, of Clarksville, for appellants.

A. L. Robbins, of Clarksville, and R. T. Bailey, of Dallas, for appellees.

SELLERS, J.

On September 11, 1930, this suit was originally instituted by Mrs. Pearl Perkins, for herself and as next friend of her five minor children, as plaintiff, against Colgate-Palmolive-Peet Company, C. B. Doss, and Spencer Williams, defendants, individually and severally, to recover damages for the death of Jesse Perkins who was the husband of Mrs. Pearl Perkins and the father of her minor children. It was alleged in the petition that C. B. Doss and Spencer Williams were employees of the Colgate-Palmolive-Peet Company and while acting within the scope of their employment negligently caused a car being operated by Spencer Williams to collide with a car being driven by Jesse Perkins, causing the Perkins car to be wrecked and causing injury to Jesse Perkins from which he died on July 30, 1930.

On January 20, 1931, when this case was set for trial, the court sustained pleas in abatement of defendants to plaintiff's suit for the reason that Mrs. Epsie Perkins, the mother of the deceased Jesse Perkins, was not made a party plaintiff to the suit, and continued the case to the next term of the court for the purpose of permitting the plaintiff to amend her pleadings. On February 28, 1931, Mrs. Pearl Perkins, as sole plaintiff, but suing for the benefit of herself, her minor children, and for Mrs. Epsie Perkins, all being survivors of Jesse Perkins, deceased, filed a second amended original petition which was duly served on each of the defendants. To this pleading the defendants answered, by pleas in abatement, certain special exceptions, general and special denials, and plea of contributory negligence on the part of Jesse Perkins, deceased.

The case was tried to the jury and submitted upon special issues, the answer to which established that Spencer Williams was acting within the scope of his employment by the defendant Colgate-Palmolive-Peet Company in driving his car from Clarksville to Jacksonville at the time of the injury, to Jesse Perkins from which he died; that Spencer Williams was guilty of negligence in several particulars, and that such negligence was the proximate cause of the injuries to, and death of, Jesse Perkins; that Jesse Perkins was not guilty of contributory negligence; that the plaintiff was entitled to recover damages in the sum of $14,000, which amount was apportioned by the jury among all the parties for whom the suit was brought. The court entered judgment against the defendants, jointly and severally, for the above amount from which the defendants have duly prosecuted this appeal.

In July, 1930, the defendant Colgate-Palmolive-Peet Company was engaged in an advertising campaign in Texas. The method used was a house-to-house campaign by canvassers who would call upon the people, leave with them certain coupons and stress the value of Colgate-Palmolive-Peet Company's products. These canvassers usually went in crews of six or seven, and had what was known as a "crew manager." The defendant C. B. Doss was the manager of a crew which

worked in Greenville during the week preceding Sunday, July 27, 1930, when the accident occurred. These canvassers received a weekly wage, and, in addition thereto, received their fare for transportation from one town to another. The defendant C. B. Doss had full charge of this crew, paid each member of this crew, directed them where to work, and made all reports to the defendant company. The canvassers were not furnished any mode of conveyance, but were required to walk in discharging their duties to the defendant Colgate-Palmolive-Peet Company. With this crew there was one who was known as a "display man." He was required to have an automobile. The defendant Spencer Williams was display man with this crew at Clarksville. He was employed under a memorandum contract which provides as follows:

"Store Displayman Contract

"Home Office May, 1930.
"Name—Spencer Williams
"Class—Displayman
"Headquarters Town—Amarillo
"State—Texas.

"The following is a memorandum of our agreement with you:

"You are to commence work May 12, 1930, and your employment is to continue only for such time as is mutually satisfactory.

"You are to give your entire time and attention to the advertising and selling of our goods in accordance with plans and instructions from time to time given you. We agree to pay you a salary at the rate of $24.75, while working Amarillo, and $30.25 while working outside points.

"(1) Actual street-car fare incurred by you but not to exceed a maximum of $——— per day, if the automobile, for which we may agree to pay a daily allowance, is not in use.

"(2) $000 maximum daily allowance for hotel and meals when not working in headquarters town designated above or in neighboring town or towns from which it may be reasonably possible, in our judgment, for you to return at the close of each day's work to your headquarters town. The territory comprising such headquarters town and such surrounding suburban or neighboring town or towns is for greater certainty hereafter referred to as "adjacent territory." Our decision as to what is comprised within adjacent territory shall be conclusive. Payments of said maximum daily allowance shall only be made during your absence pursuant to our instructions from and beyond adjacent territory for the purpose of advertising and selling our goods.

"(3) Actual railroad fare incurred by you for railroad transportation from one town to another when such expenses are incurred pursuant to and in accordance with our instructions and if the automobile, for which

we may agree to pay a daily allowance, is not in use.

"(4) (Three blank lines.)

"All other expenses not covered by specific allowance to be paid from salary. Each week we will remit to you for your previous week's salary and expenses.

"It is further agreed that we are to pay you at the rate of $2.00 per day for expense of maintenance of your automobile while you are using same in actual daily service for us in your headquarters town or adjacent territory as defined in paragraph No. 2 above, and $3.00 per day while in your territory other than your headquarters town or adjacent territory. One-half the above rate will be allowed when using car in our service for only one-half day.

"In case this employment is terminated at any time during a week and it may be so terminated by notice by either party to the other, such employment and your salary shall cease immediately upon receipt of notice from one to the other, and thereafter we shall not be liable either for salary not already earned or any further expense of any kind whatsoever. Payment for salary and expenses for any balance due at the time of the termination of such employment is to be paid as hereinbefore provided.

"At the termination of employment you are to return to our branch office all supplies belonging to us before final payment of salary and expenses is made to you; and the payments upon our part to be made are conditioned upon full and faithful performance on your part.

"It is expressly agreed and understood that there are no verbal agreements or understandings between the parties hereto affecting this contract and that no alterations or variations of the terms hereof shall be valid and binding upon either party unless in writing signed by both parties.

"Colgate-Palmolive-Peet Company
"By Leo Baxter
"[Countersigned]
"By C. L. Frederick
"Accepted: Spencer Williams."

Spencer Williams' duties were to call upon the grocery stores in the town where the crew was working, advise them of the campaign being carried on, and decorate their window with advertising matter furnished by the Colgate-Palmolive-Peet Company which he carried in his car. And, if they did not have any of the defendant Colgate-Palmolive-Peet Company's products, then it was his duty to try to supply them with a small quantity which he carried with him and to take orders for such amounts as the merchants might want. He was not required to carry supplies from town to town, although sometimes he did carry a small quantity. It was absolutely necessary for him to have an automobile to fulfill his position.

The contract of the defendant Doss was the same as that of Spencer Williams except that he was not required to have an automobile and some difference in the amount of the weekly salary. It was at least necessary for this crew to work five and one-half days a week, commencing Monday morning and quitting Saturday at noon. This crew finished its work Saturday at noon, July 26, 1930, at Greenville, and each member was instructed that the next work was to be at Jacksonville, Tex., and for them to be at a certain place at Jacksonville on the following Monday morning. The town of Jacksonville is some one hundred miles southeast of Greenville. The defendant C. B. Doss and two other members of the crew named Williams, but no relation to defendant Spencer Williams, lived near Clarksville, in Red River county, and being desirous of spending Saturday night and a portion of Sunday with their homefolks, arranged with Spencer Williams to take them by their home. Clarksville is something like one hundred miles northeast of Greenville. This trip was made Saturday afternoon, and before Doss got out of his car at his home it was agreed they would meet at a hotel at Clarksville Sunday afternoon, July 27th, to continue on their trip to Jacksonville, a little over one hundred miles south of Clarksville. They did meet as arranged and started out the main highway going south to Jacksonville, and had traveled about seven miles to the point where the accident occurred.

■ Under this statement of facts, affirmatively proven in the trial, we are called upon to say, as a matter of law, that there is no competent testimony that would authorize the jury to find that the appellant Spencer Williams was acting within the scope of his employment when the accident occurred. We have concluded, after a very careful consideration of all the facts, that we cannot say, as a matter of law, that there is no evidence upon which the jury's finding might be sustained. We deem it unnecessary to go into an extended discussion of the evidence relied upon by us in arriving at our conclusion, but we will state, however, that, notwithstanding the appellant Spencer Williams did not go the most direct route from Greenville to Jacksonville, where he was directed to be on Monday morning with his car, and whatever his purposes were in taking the roundabout way he did, the controlling fact remains that at the time of the accident he was then on his way to Jacksonville where he had been instructed to report on the next morning with his automobile, and that he had ample time in which to make the trip to Jacksonville and be ready for duty the next day.

While each case involving this question must rest upon its own facts, which makes it difficult to support the conclusion reached with authority, we cite the case of Homan v. Borman (Tex. Civ. App.) 19 S.W.(2d) 438, and Guitar v. Wheeler (Tex. Civ. App.) 36 S.W.(2d) 325, where the court reached the same conclusion as this court upon facts somewhat similar, but in our opinion in no way stronger than the facts in the case at bar.

It is insisted that, under article 4675, R. S. 1925, which provides: "The action shall be for the sole and exclusive benefit of and may be brought by the surviving huband, wife, children and parents of the person whose death has been caused, or by either of them for the benefit of all. If none of said parties commence such action within three calendar months after the death of the deceased, the executor or administrator of the deceased shall commence and prosecute the action unless requested by all of such parties not to prosecute the same. The amount recovered shall not be liable for the debts of the deceased," only the executor or administrator of the estate of the deceased, Jesse Perkins, could maintain this suit. This contention is predicated upon the proposition that the suit brought by Mrs. Pearl Perkins within the three months immediately following the death of her husband did not include Mrs. Epsie Perkins, the mother of the deceased, and a statutory beneficiary, and that, after the expiration of the three months from the death of the deceased, the appellee Mrs. Pearl Perkins was unauthorized to amend her petition and make Mrs. Epsie Perkins a party plaintiff, and that the suit must be abated. In other words, appellants' contention is that, no suit having been brought by all the legal beneficiaries, or by one for the benefit of all, within three months after the death of the deceased, under the above statute the suit thereafter could only be maintained by the executor or administrator of the deceased.

■ It is our view that this article contemplates that but one suit shall be brought for damages sustained in such cases, but that such suit may be brought and prosecuted by all of the legal beneficiaries, or by one of them for the benefit of all, at any time before a suit has been brought by the administrator or executor of such deceased person.

Several of the grounds of negligence alleged by appellee was the violation of certain penal statute regulating the operation of automobiles on the public highway, the provisions of which were set out in the petition. Appellants by appropriate assignments attacked as reversible error the setting out of the statutes in hæc verba in the petition. This identical question, it seems to us, has been correctly decided adversely to appellants' contention by the San Antonio Court of Appeals in the case of Flores v. Garcia, 226 S. W. 743, and another discussion is deemed unnecessary.

We will not prolong this opinion by attempting to express our views upon all the assignments contained in appellants' brief, but each assignment has been carefully considered by this court and all are deemed without merit and are overruled.

We find no evidence in the record to authorize the judgment against the appellant C. B. Doss, and the judgment is therefore reversed and rendered as to him, but in all other respects the judgment of the trial court will be affirmed.