## McCULLOCH et al. v. WITHERS et al.

### No. 10854.

Court of Civil Appeals of Texas. Galveston.

July 20, 1939.

Mann, Irion & Mann and M. R. Irion, all of Dallas, for appellants.

Allen, Helm & Jacobs and Arthur P. Terrell, all of Houston, for appellees.

GRAVES, Justice.

This appeal is from an order of the 11th District Court of Harris County overruling the pleas of privilege of the appellants to be sued in the county of their residence (Dallas), in this suit for damages filed against them by the appellees in Harris County—No. 247824 upon the docket of such district court—along with one W. R. York, upon the same alleged cause of action, York being declared to be a resident of Harris County.

The appellees, as plaintiffs in that suit —No. 247824—constituted all the parties legally entitled to seek damages for the death of Ellaleta Withers, resulting from injuries inflicted upon her by auto truck (that is, her father, mother, husband, and minor daughter), whereas the appellants as defendants therein—along with W. R. York—were R. R. McCulloch, and Mrs. C. E. Adair, individually, and as a partnership doing business under the trade-name of "Film Exchange Transfer Company", and C. E. Adair, pro forma as the husband of Mrs. C. E. Adair, all of such defendants being declared to be residents of Dallas County, except W. R. York.

As indicated, only the three residents of Dallas County presented the overruled pleas of privilege.

The Harris County resident, so sued as W. R. York, on a hearing upon the pleas now at bar, testified that his middle initial was "L" instead of "R", and there was no controversion thereof; he was thereupon proceeded against in that hearing as W. L. York, and there is not only no evidence in this record that he was not the person who drove the truck that caused the death of Ellaleta Withers, but there is ample testimony to have supported a finding that he was such person, hence that inference will be drawn in support of the judgment; further, under well-settled authority, the erroneous allegation of his middle initial as "R" instead of "L" became an immateriality of no consequence. Bowlin v. Freeland, Tex.Civ.

App., 289 S.W. 721; State Bank & Trust Co. v. W. O. Horn & Bro., Inc., Tex.Civ. App., 295 S.W. 698; 30 Tex.Jur., 585 et seq., and cases there cited.

The appellees laid the venue of their suit against the appellants, along with York, in Harris County, under Exceptions Nos. 4 and 9 of R.S.Article 1995, upon averments in both their petition and controverting-affidavit to the pleas of privilege, to the effect, in substance, as follows:

"* * * that on or about the early morning of April 10, 1938, Ellaleta Allen Withers, deceased, was struck while on the Houston-Beaumont Highway by a truck owned by the defendants, R. R. McCulloch and Mrs. C. E. Adair, and being operated at the time by the defendant, W. R. York, as the agent, servant, and employee of all the defendants; that the collision and resulting injuries to and death of Ellaleta Allen Withers, deceased, were directly and proximately caused by the negligence of all of the defendants, acting by and through their agent, servant, and employee, the defendant, W. R. York, who at the time complained of was acting within the scope and course of his employment, and in the furtherance of the business of all the defendants. Plaintiffs have sustained damages as the result of the death of Ellaleta Allen Withers, deceased, as follows: (specifying them).

"The controverting plea alleges substantially the same things as alleged in plaintiffs' petition; that W. R. York is sued both individually and as the agent, servant, and employee, of all the defendants; that the plaintiffs seek to recover damages from the said defendants, jointly and severally, as the proximate result of personal injuries which caused the death of Ellaleta Allen Withers, deceased; that the damages were proximately caused by the negligence of the defendants, R. R. McCulloch, C. E. Adair, and Mrs. C. E. Adair, acting by and through their agent, servant, and employee, W. R. York, acting within the scope and course of his employment, and in the furtherance of his master's business; that said negligence amounted to crimes, offenses, and trespasses committed in Harris County that the place of the collision and resulting injuries and damages sought to be recovered was within Harris County, Texas."

Under the issue thus joined upon the hearing, it is evident that the essential venue facts for the maintenance of the suit in the Harris County district court, against the challenge thus made, were these: (1) Whether the appellees had alleged and proven that W. L. York (so shown to have been the driver of the offending truck) was a resident of Harris County, that they had a cause of action against him for negligently striking Ellaleta Withers with his truck in that county, which negligence was a proximate cause of such collision; and (2) whether they had also alleged a joint cause of action along with York against appellants in the capacities stated supra, all residents of Dallas County, as the principals, masters, and employers of W. L. York at the time and place of such collision, and for whom he was then acting in the scope of his employment by, as well as in the furtherance of their business for them.

On consideration of the appeal, notwithstanding the very ably presented contentions of the appellants to the contrary, it is the conclusion of this court that these material venue facts were both properly declared upon and fully proven upon the hearing; indeed, when appellants' insistence that the erroneous averment of York's middle initial as "R" instead of "L" left a fatal hiatus in the necessary pleading and proof is so disposed of adversely to them, the backbone of their resistence to the venue of the suit is well-nigh broken, provided that holding is sound; it is thought to be clearly so, under the principles exemplified in the authorities cited supra; indeed, any other determination of it—under the stated facts attending— would, in this court's opinion, amount to parsing these appellees out of court.

If the York sued, as recited, was thus shown to be the one who drove his truck over the deceased at the place and in the circumstances given, there can be no doubt that he individually was not only liable to the appellees in damages for his negligence, but also—within the meaning of cited Exception 9—that such negligence amounted to his having committed a crime, offense, or trespass against them in Harris County. Mays v. Smith, Tex.Civ.App., 95 S.W.2d 1342; Martin v. Turnbow, Tex. Civ.App., 96 S.W.2d 730; McDaniel v. Woodard, Tex.Civ.App., 70 S.W.2d 765; Vaught v. Jones, Tex.Civ.App., 8 S.W.2d 800, affirmed in Tex.Com.App., 17 S.W.2d 779; Edwards v. Hawkins, Tex.Civ.App., 77 S.W.2d 1098; American Fidelity & Casualty Co. v. Windham, Tex.Civ.App., 59 S.W.2d 259.

Not only so, but such dereliction upon York's part was further imputable to ·and visitable upon his principals and employers, the appellants herein. · Sproles v. Schepps, Tex.Civ.App., 26 S.W.2d 922; Snodgrass v. Kelley, Tex.Civ.App., 118 S.W.2d 836.

There was no doubt about York's having been a resident of Harris County at the time of the collision, nor that it occurred within that county, nor, further, that he was driving on the wrong side of the highway at a dangerous speed of 60 miles an hour, when he struck the deceased; likewise there was none that, in so acting, he was within the scope of his employment by and in the furtherance of their business for the appellants as the owners of the truck and was driving in such circumstances and with such disastrous results; wherefore, it would seem to plainly follow that a cause of action against the appellants, jointly with him, was not only alleged, but made out. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; First National Bank v. Pierce, 123 Tex. 186, 69 S.W.2d 756; Caprito v. Weaver, Tex.Civ.App., 63 S.W. 2d 1043; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747; Dearing v. Morgan, Tex.Civ.App., 120 S.W.2d 555; Blanton v. Garrett, Tex.Civ.App., 124 ·S.W. 2d 451.

Since these conclusions are thought to determine the merits of the appeal, further discussion will be foreborne; the judgment of the trial court will be affirmed.

Affirmed.