## COLUMBIAN FUEL CORPORATION v. SUMMERS et al.

### No. 5068.

Court of Civil Appeals of Texas. Amarillo.

Oct. 30, 1939.

Underwood, Johnson, Dooley & Wilson, of Amarillo, and James W. Witherspoon, of Hereford, for appellant.

Sanders & Scott' and Howard F. Saunders, all of Amarillo, and Moss & Young, of Tulsa, Okl., for appellees.

JACKSON, Chief Justice.

This suit was instituted in the District Court of Moore County by the appellees who are the surviving widow, the mother and the children of J. W. Summers, deceased, against the defendants, Clenon C. Hemsell and the Columbian Fuel Corporation, to recover actual damages in the sum of $67,500 and exemplary damages in the sum of $50,000 for the death of J. W. Summers which is alleged to have been occasioned by the actual and gross negligence of defendants.

Several different acts of negligence are charged in appellees' petition against the defendants but since the sufficiency of the pleadings is not attacked no detailed statement of the cause of action is required.

The Columbian Fuel Corporation, in due time and form, presented its plea of privilege to be sued in Potter, the county of its residence, and the appellees promptly filed their controverting affidavit. A hearing was had and the plea of privilege overruled, from which action of the court the Columbian Fuel Corporation alone presents this appeal.

The appellant by several assignments, all of which we will consider together, contends that the court erred in overruling the plea of privilege urged, because the testimony fails to show that Clenon C. Hemsell, at the time of the collision which resulted in the death of the deceased, was engaged in the furtherance of appellant's business.

The record discloses that the appellant is a Delaware Corporation engaged in the oil and gas business with a permit to transact business in this State, maintains its principal office at Amarillo, in Potter County, Texas, and conducts business in Texas, New Mexico and Kansas. Mr. Hemsell resides with his family in Amarillo, keeps his office in the place of business of the appellant in Amarillo, is the district manager of the geological department of the Columbian Fuel Corporation and its

employee and agent, whose duty to his employer requires him to attend to business for appellant in different places in Texas, New Mexico and Kansas. The appellant furnishes him an automobile in which to travel while away from the office on these business trips and pays the expenses of the operation of the machine. His superior was a Mr. Cotner who resides in New York City, but Hemsell was the geologist in charge of the territory in which the appellant operated from Amarillo and exercised his own discretion and judgment with few limitations in the geological department of appellant in these three states.

About October 2, 1937 Hemsell was called to New Ulysees, Kansas to witness the completion of a gas well for the appellant. The well was completed about six o'clock P. M. on October 9th, which ended the business for which he had gone to Kansas, and some time later on the same day he started by the most direct route to his home and family and to the office of appellant and his office situated in Amarillo, Potter County, Texas. In said office he received the company's mail, transacted all the office business of the geological department, had no other employment with anyone else, and engaged in no business for himself.

On this return trip in the automobile furnished by his employer, while driving along Highway No. 9 in Moore County about 11:30 P. M. on said October 9th, the collision occurred between the automobile of Hemsell and the one driven by J. W. Summers which resulted in the immediate death of deceased. Hemsell while on the stand testified that he went to Kansas in the automobile and traveled the same route going and returning; that he passed through Moore County on his trip to Kansas in the performance of his duties for his employer and on his return to Amarillo he came through Moore County and was in the service of the appellant; that he was not only returning to visit his family but was also returning to his office to attend to the work of his employer in Amarillo.

■ The evidence shows without controversy that Mr. Hemsell was the district geologist, the agent and employee of appellant and maintained his office with appellant in Amarillo, Potter County; that the corporation was engaged in the oil and gas business and operated in the three states named from Amarillo; that the company and the duties of Mr. Hemsell required him to visit different localities in each of the states; that his employer furnished him an automobile to make these trips and when the business he was sent to transact was completed he returned to his office in Amarillo to continue his services for his master; that he had gone to Kansas about October 2nd to witness the completion of an oil well for his employer; that he had completed his duties there and was on his way home by the most direct route; had not engaged in any act of business or pleasure for himself or anyone else since beginning his return trip, nor deviated from the direct route. In our opinion, the record is sufficient to warrant the finding of the trial court that appellees had discharged the burden of showing Mr. Hemsell was engaged in the furtherance of his employer's business at the time of the collision which resulted in the death of J. W. Summers.

In the case of Guitar et al. v. Wheeler et al., Tex.Civ.App., 36 S.W.2d 325, the facts reveal that a Mr. Tidwell was in the employ of the owners as general foreman of the Guitar farm situated in Howard County about fifteen miles from Big Spring. On the day in question Mr. Tidwell with his wife and children went to Big Spring in an automobile, not on business for his employers, but on private business of the family; that while in Big Spring Tidwell met a Mexican, without previous appointment, who asked about grubbing land on the farm. After a brief conversation with him Tidwell took his family and the Mexican out to the place where the grubbing was to be done. He then carried his family to their home accompanied by the Mexican. In the afternoon of the same day he returned to Big Spring with the Mexican in the car. After staying in town for several hours he began the trip home traveling the public highway and his automobile struck and killed a Mr. Wheeler. The court held that these facts were sufficient to present to the jury the issue whether Mr. Tidwell was acting within the course of his employment so as to render his principal liable.

In Colgate-Palmolive-Peet Co. et al. v. Perkins et al., Tex.Civ.App., 48 S.W.2d 1007, on testimony presenting substantially the same facts and circumstances, the court held the evidence sufficient to sustain the finding of a jury that the driver of the

automobile was acting within the scope of and in furtherance of his master's business.

In Collin County Motor Co. v. Howard, Tex.Civ.App., 121 S.W.2d 460, it is said:

"The uncontroverted evidence shows that, prior to and at the time of the collision in question, Howard B. Franklin, the driver of one of the automobiles and whose acts plaintiff seeks to hold the defendant, Collin County Motor Company, liable, was an employe of Collin County Motor Company * * *. His headquarters was at the Motor Company's place of business at McKinney, Texas. * * *

"On the day of the collision, Franklin went to Dallas in his employer's automobile, for at least two purposes connected with his employment—first, an errand to the Ford plant; and second, for the purpose of calling on a Mr. Hume, to interest him in the purchase of an automobile. On arriving at Dallas, about 11 o'clock, a. m. Franklin went direct to the Ford plant, attended to that errand, ate his lunch, and, while there, telephoned to Mr. Hume's place of business—Highland Park High School, North of Dallas; and, on learning that he would be unable to talk with Mr. Hume, he left the Ford plant, went to Rose, Wilson & Company, a business enterprise located in another section of Dallas, and from there to the Highland Park High School to see Mr. Hume. On being advised that Mr. Hume was not there, he then went to the business section of Dallas, to E. M. Kahn's Clothing store to make a personal purchase, and then to Oak Cliff, in South Dallas, to visit a relative. After remaining in Oak Cliff, for two or three hours, about 4 o'clock in the afternoon, Franklin started his sojourn to McKinney, intending to go direct to his home. On his journey home * * * over the main highway leading to McKinney, and just before reaching Plano, between sundown and dark, the collision in question occurred.

\* \* \* \* \* \*

"We believe that, under the facts of this case, Franklin at the time of the collision had resumed his employment, which had been effectually interrupted by his stepping aside on missions purely his own, and was then engaged in the performance of duty or work for his master in his sojourn home with his master's automobile. Franklin's employment as salesman for the Collin County Motor Company was unlimited as to the time he was allowed to work, that he was expressly authorized to retain possession of his employer's automobile and became responsible for its safe-keeping and return. Franklin's duty on the day in question was to go to Dallas, and it was equally his duty to return to McKinney. His employment was not so restricted as to require him to return immediately, or at any specified time, on cessation of his employer's errands; nor, did it prevent him from interrupting his employer's business for the time, and performing missions of his own. It is true, Franklin turned aside from his master's duties and had the collision occurred while on his personal errands, his employer would not have been liable for his acts of · negligence; but, such is not the case here, he had taken up his master's duties—gotten back on the highway to McKinney, over which he was expected to return, and was driving home with his master's automobile when the collision occurred. His sojourn home with his master's automobile was in the performance of his master's duty, as was his act in going."

▮ At the time the accident occurred Mr. Hemsell was traveling south on the highway and the deceased was traveling north. The testimony tends to show that the deceased was on the right side of the center of the highway approximately fifteen inches from the extreme outer edge of the pavement; that Mr. Hemsell, when his car was first sighted by deceased and his companion, was about the center of the pavement; the deceased dimmed his lights and signaled the approaching car but got no response; Mr. Hemsell continued in the center of the highway until just before the collision when he turned diagonally across the road, swerved to the left and collided with the car of Mr. Summers, who was instantly killed.

Article 1995, subdivisions 9, 23 and 27, Rev.St. are as follows:

"9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed. * * *

"23. Corporations and associations.— Suits against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose. * * *

"27. Foreign corporations.—Foreign corporations * * * may be sued in any county where the cause of action or a part thereof accrued * * *."

In Lay et al. v. Gould, Tex.Civ.App., 82 S.W.2d 1081, in an opinion by Justice Mar-

tin, formerly of this court, Syllabus 2, is as follows: "Evidence in death action that defendants' truck, traveling on wrong side of public road at unlawful speed, was propelled against automobile in which deceased was riding as guest, held sufficient to raise issue of defendants' commission of trespass within statute authorizing action therefor in county wherein committed. (Rev.St. 1925, art. 1995, subd. 9)."

See, also, Straus-Bodenheimer Co. et al. v. Marshall et al., Tex.Civ.App., 91 S.W.2d 865; Schuller v. Fears, Tex.Civ.App., 67 S.W.2d 343.

Under this record and these authorities we are of the opinion that the trial court correctly overruled appellant's plea of privilege and the judgment is affirmed.