## MARTIN v. CABLE.
### No. 9021.

Court of Civil Appeals of Texas. Austin.
May 8, 1940.

Rehearing Denied May 29, 1940.

Morrow & Calvert, of Hillsboro, and Wheeler & Wheeler and A. M. Felts, all of Austin, for appellant.

Moursund, Ball, Moursund & Bergstrom, of San Antonio, for appellee.

BLAIR, Justice.

This is an appeal from an order sustaining the plea of privilege of appellee, Dr. C. H. Cable, to be sued in Bexar County, the county of his domicile. By her controverting affidavit to the plea of privilege, appellant, Mrs. Daisy Martin, alleged that her suit was for damages

occasioned by the death of her husband, which resulted from a collision between an automobile in which he was riding and one driven by appellee, the collision occuring on South Congress Avenue in the City of Austin. Among other grounds of negligence, appellant alleged that appellee caused the collision by operating his automobile at a high, excessive and dangerous rate of speed; and in excess of 20 miles per hour, in violation of the penal laws of Texas; and that such operation under the facts and circumstances detailed established a cause of action based upon a crime and a trespass committed by appellee in Travis County; and that venue of her suit was therefore fixed in Travis County under the terms of Sub. 9 of Art. 1995, which provides that "a suit based upon a crime, * * * or trespass may be brought in the county where such crime, * * * or trespass was committed."

On the hearing of the venue question, appellant offered the testimony of Mrs. Edna Gage, who was driving the Ford coupe in which the deceased husband of appellant was riding, which testimony detailed witness's version of how the collision occurred. Appellant also offered the testimony of a policeman and a plat made by him a few minutes after the collision occurred, showing the position of the automobiles at the time of the collision and where they stopped after the collision. Appellee offered no testimony. Neither party to this suit resides in Travis County. At the conclusion of the evidence and after argument of counsel, the trial court took the matter under advisement and later entered an order sustaining the plea of privilege; hence this appeal.

We have reached the conclusion that the trial court erred in disregarding the undisputed evidence in the case and in sustaining the plea of privilege.

Congress Avenue runs approximately north to south, and the paved portion of it is 90 feet wide, with a painted stripe down the middle. The collision occurred about 11:00 o'clock p. m. Mrs. Gage testified that she was driving a Ford coupe south on Congress Avenue, and that Mr. Martin was riding with her. That just prior to the collision she turned left before reaching the street intersection and across the line marking the middle of the Avenue, facing the car in a southeasterly direction, intending to go to Riley's Cafe, which was situated on the east side of Congress Avenue and on the corner at the intersection of Congress Avenue with another street. At the time she made the left turn she saw three cars coming north on Congress Avenue, but thought that she had time to pass in front of them. That she was traveling slowly and had proceeded only about five or six feet when the car driven by appellee struck the right front fender of her car and the front end with such force that the right door was thrown open and Mr. Martin and she were thrown into the street with such force that he was rendered unconscious, and that he never regained consciousness, and died three days later. She testified that she had driven automobiles for fifteen or twenty years and could estimate the rate of speed one was traveling; and as to the speed appellee's car was traveling witness testified: "Well, the way I would estimate it, it must have been going at least 50 miles an hour because it came over a block while I went four or five feet. It was that far from me. I would estimate it at least that fast."

C. G. Cook, a traffic officer for the city of Austin, went to the scene of the collision a few minutes after it occurred and made a plat of the ground, a photostatic copy of which is in evidence. From this he testified that when the car of Mrs. Gage was struck on the right front fender and front end, it was headed in "a south and easterly direction" with its front end fourteen feet and one inch from the stripe in the middle of the street. That it was knocked north thirty-five feet by the collision and was standing across the stripe in the middle of the street, facing in a southwesterly direction, having been almost turned around by the impact. The distance from the point of the collision to the east side of the street was thirty feet and nine inches, over which appellee could have traveled going north as he was. After the collision appellee's car traveled in a northeasterly direction for a distance of thirty-nine feet and six inches. Beginning at the point of the collision appellee's car traveled ten feet before any marks or tracks were made, and then the tires left "skid or track marks" for a distance of twenty-nine feet and six inches before it was stopped some few feet from the east line of Congress Avenue. The impact damaged both cars badly.

■■ Appellee offered no testimony as to how the collision occurred. The testimony offered by appellant was not disputed and showed that appellee was negligently driving his car within the city limits of Austin at a high, excessive and dangerous rate of speed, and in excess of 20 miles per hour, in violation of the penal laws of Texas at the time the collision occurred. The cases hold that the driving of an automobile in a manner which violates a penal statute and so as to cause an injury is a "crime" within the meaning of Sub. 9 of Article 1995, above quoted. Stone v. Kerr, Tex.Civ.App., 62 S.W.2d 357; Murray v. Oliver, Tex.Civ.App., 61 S.W.2d 534; Scott v. Carlos, Tex.Civ.App., 13 S.W.2d 957; McCulloch v. Withers, Tex.Civ.App., 131 S.W.2d 252.

The cases also hold that the negligent driving of an automobile at a high, excessive and dangerous rate of speed and so as to cause injury is a "trespass" within the meaning of Sub. 9 of Art. 1995, fixing venue of a suit to recover damages for such injury in the county where the accident occurred. In addition to authorities last above cited, see also: Fidelity Union Cas. Co. v. Borden, Tex.Civ.App., 60 S.W.2d 465; Mercer v. Huff, Tex. Civ.App., 60 S.W.2d 327; American Fidelity & Cas. Co. v. Windham, Tex.Civ. App., 59 S.W.2d 259; Straus-Bodenheimer Co. v. Marshall, Tex.Civ.App., 91 S.W.2d 865; Roadway Transport Co. v. Gray, Tex.Civ.App., 135 S.W.2d 200; Columbian Fuel Corp. v. Summers, Tex.Civ.App., 134 S.W.2d 694.

■■ In this connection appellee contends that the trial court did not have to believe the testimony of Mrs. Gage, an interested witness; and that without her testimony there was no proof of either (1) negligence, or (2) a crime, or (3) a trespass, or (4) causal connection between same and the collision or injury sustained by appellant's deceased husband. These contentions are not sustained for two reasons. In the first place, Mrs. Gage's testimony that appellee was driving his car at a high, excessive and dangerous rate of speed at the time of the collision was fully corroborated by the testimony of the policeman and his plat showing the position of the cars at the time of the collision and their position at the time they were stopped after the collision, and the damages thereto.

■ In the second place, the rule that the uncorroborated testimony of an interested witness does not conclusively establish a fact is not applicable here, because her testimony was corroborated; and because "the rule that the uncorroborated testimony of interested witnesses, although not controverted, does not conclusively establish a fact, is not applicable where the nature of the testimony is such that it might readily be discredited, if it were not true, and the adverse party offers no disparaging proof whatever."

Appellee, who was himself driving his car at the time of the collision, did not testify or offer any testimony to controvert the testimony of Mrs. Gage, which was corroborated by the testimony and plat of the policeman, and showed that at the time of the collision appellee was negligently driving his car at a high, excessive, and dangerous rate of speed, and in violation of the penal laws; and which undisputed facts establish a "crime" and a "trespass" within the meaning of those terms as used in the venue statute above quoted.

■ The question of whether Mrs. Gage was guilty of contributory negligence in turning her car to the left before reaching the street intersection, and in crossing the center line of the street, and driving in front of appellee's car, or in the path it was traveling, is not determinable on the interlocutory hearing of the plea of privilege. The issue raised by the plea of privilege and controverting affidavit was whether appellant's suit for damages was based upon a "crime" or a "trespass" committed in Travis County, where the action was brought; and the cases hold that even if there is evidence showing contributory negligence, it is immaterial, because not material on the trial of the plea of privilege. Roadway Transport Co. v. Gray, Tex.Civ. App., 135 S.W.2d 200; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Stockyards Nat'l. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

The order of the trial court sustaining the plea of privilege is set aside, and the plea of privilege is hereby overruled and denied.

Reversed and rendered.