## BRANDON et al. v. SCHROEDER et al.
### No. 11116.

Court of Civil Appeals of Texas. Galveston.
Feb. 6, 1941.

Rehearing Denied March 20, 1941.

J. Toll Underwood and Sewell, Taylor, Morris & Connally, all of Houston, for appellants.

Vinson, Elkins, Weems & Francis, Thos. B. Weatherly, and C. M. Hightower, all of Houston, for appellees.

GRAVES, Justice.

This appeal is from an order of the court below overruling the pleas of privilege of the appellants to be sued in Concho County, where they reside, instead of Fort Bend County, where the venue was laid by the appellees against them under and by virtue of Subdivision 9 of R.S., Article 1995.

The appellees, the wife and minor child of Carl Schroeder, deceased, were the plaintiffs below, and the two appellants were the defendants.

The appealed from judgment contains this preliminary recital: "It appearing that the plaintiffs' cause-of-action was for damages due to the death of Carl Schroeder, the husband of the plaintiff, Mrs. Lydia Schroeder, and the father of the minor plaintiff, Leon Schroeder, as the result of a collision between the car which he was driving and a truck driven by the defendant, Erwin Smith, and it being stipulated by counsel that the collision occurred in Fort Bend County, Texas, and that Carl Schroeder died as a result thereof, and it being established by the undisputed evidence that the truck driven by Erwin Smith was owned by the defendant, M. B. Brandon, and was being driven by Erwin Smith, his employee, in the course and scope of his employment and that said truck weighed in excess of six thousand pounds."

The court thereupon submitted to the jury what it deemed to be the material issues of fact raised by the pleadings and evidence, eleven special issues, all of which it directed to be answered "from a preponderance of the evidence", in response to which these findings—in the order and manner directed—were duly returned:

"(1) That Erwin Smith was operating the truck in excess of 25 miles per hour.

"(2) That such operation was a proximate cause of the collision.

"(3) That Erwin Smith was operating the truck at an excessive rate of speed.

"(4) That such operation was negligence.

"(5) That such negligence was a proximate cause of the collision.

"(6) That Erwin Smith was operating the truck with a portion thereof to the left of the center of the highway.

"(7) That such operation was negligence.

"(8) That such negligence was a proximate cause of the collision.

"(9) That the left-hand side of the highway was not clear and unobstructed for a distance of at least 50 yards ahead.

"(10) That operating the truck to the left of the center of the road was a proximate cause of the collision.

"(11) That the accident was not the result of an unavoidable accident."

Pursuant to the quoted verdict and independent findings of the court itself, the challenged judgment was rendered.

As indicated supra, the sole issue so determined was whether or not the venue of the suit was maintainable in Fort Bend County, and had been properly joined upon the appellees' petition, the appellants' pleas of privilege, and the controverting affidavits of the appellees in reply thereto, all of which were in statutory form; appellants present these three main propositions for a reversal, to-wit:

"Proposition No. 1. In order to maintain venue in Fort Bend County, the plaintiffs were required to establish that their damage was proximately caused by a crime or trespass committed by the defendants in that county, and the evidence having raised issue of fact from which the jury might have determined that the conduct of the driver of the plaintiffs' car was the sole proximate cause of the collision, therefore the trial court erred in refusing to submit to the jury issues inquiring whether or not such conduct was the sole proximate cause of the collision.

"Proposition No. 2. The evidence being undisputed that Carl Schroeder failed to stop his car before entering Highway 38, and the evidence having raised an issue of fact as to whether or not such failure was the sole proximate cause of the collision, it was error for the court to refuse to submit an issue of sole proximate cause when duly requested by the defendants.

"Proposition No. 3. The trial court erred in refusing to submit to the jury defendants' requested issue No. B, which was duly requested and raised by the evidence, said issue inquiring as to whether or not the defendant, Erwin Smith, was operating the truck in the manner in which he did at the time of the accident in an 'emergency', and in an effort to avoid striking the plaintiffs' car, and in the event that the requested issue be defective, the trial court erred in refusing to submit to the jury a proper issue based upon this theory of defense."

In the circumstances, it is determined that none of these ably presented contentions should be sustained, upon these considerations:

(1) The question of venue only of this suit, and not liability for the damages therein declared upon, being at issue, the essential venue facts were alone material. These, in addition to the facts so found by the court from the undisputed evidence, were simply whether or not "a crime, offense, or trespass" had been committed by appellants as against appellees, in Fort Bend County, on September 9th of 1939, within the meaning of Subdivision 9 of R.S., Article 1995. Bell Pub. Co. v. Garrett Engineering Co., Tex.Civ.App., 146 S.W.2d 301, decided December 12, 1940; 43 Tex. Jur. p. 857, and par. 114, note 14. Same volume, pp. 844, 845, par. 109, note 4; also notes 18 and 20, p. 844 of 1940 Supplement to 43 Tex.Jur.; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

(2) These specified venue facts were to be proven "from the preponderance of the evidence", and not merely prima facie, as the trial court so instructed the jury in submitting the given issues. Compton v. Elliott, 126 Tex. 232, 86 S.W.2d 91, supra; Sisco v. Sklar, Tex.Civ.App., 113 S.W.2d 999; Belo Corp., v. Blanton, 133 Tex. 391, 129 S.W.2d 619; Bell Pub. Co. v. Garrett, supra.

(3) Neither Subdivision 9 of R.S., Article 1995, nor R.S., Article 2007, required that any other matters than those thus necessary to determine whether the appellants were suable in Fort Bend County in this action should be tried. 43 Tex.Jur. Sec. 109, page 844, supra; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675.

(4) The quoted findings of the jury, Numbers 1, 3, 6, and 9, each in its attending circumstances, none of which are challenged as not having been supported by the required preponderance of the evidence, when taken together, plainly established the commission of a crime within the purview of such Section 9. 43 Tex.Jur. 755, and cited authorities; 43 Tex.Jur. 739, 857, 858; Martin v. Cable, Tex.Civ.App., 140 S.W.2d 894, 896; Article 801, Texas Penal Code; Younger Bros. v. Power, Tex.Civ.App., 92 S.W.2d 1147; Scott v. Carlos, Tex.Civ.App., 13 S.W.2d 957; Article 827a, Section 8, Texas Penal Code; Guajardo v. State, 139 Tex. Cr.R. 201, 139 S.W.2d 85; Vasquez v. State, 121 Tex.Cr.R. 478, 52 S.W.2d 1056, 1057; R.C.L. Vol. 2, p. 1212; 42 C.J. p. 1354.

(5) The appellees having thus shown appellants to have been guilty of affirmative negligence toward them in the specified paticulars (Numbers 1, 3, 6, and 9) thereby having perpetrated a crime against them in Fort Bend County within the meaning of Penal Code, Articles 801, 827a, Section 8, thus discharged the full burden of

proof placed upon them in such a venue hearing, hence were not required to go further and establish the liability of the appellants upon the merits of the controversy.

■ (6) By the undisputed evidence only two actors participated in this collision—appellant Erwin Smith, and appellees' deceased husband and father, Carl Schroeder; consequently, it likewise appears that only they two, one or both, were negligent, and that no third person nor instrumentality in any way contributed to or could have caused the injury. Abercrombie Co. v. Delcomyn, 134 Tex. 490, 135 S.W.2d 978; Safety Stores v. Rutherford, Tex.Civ. App., 101 S.W.2d 1055, affirmed by Supreme Court in 130 Tex. 465, 111 S.W.2d 688; Weatherford v. Vavithis, Tex.Civ.App., 135 S.W.2d 1008.

(7) The trial court submitted the inquiry as to whether the collision was the result of an unavoidable accident upon the same group of facts appellants made the basis of their requested issue as to whether the acts of Carl Schroeder had been the sole proximate cause of the accident, and the jury answered it was not; wherefore, it would have been, at all events, a useless duplication to submit essentially the same thing by terming it "proximate cause". Dallas Ry. v. Goss, Tex.Civ.App., 144 S. W.2d 591; Williams v. Rodocker, Tex.Civ. App., 84 S.W.2d 556.

■ (8) In the circumstances here presented—there being only the two participating actors—appellants' requested issues as to whether Carl Schroeder's allegedly negligent acts were the sole proximate cause of the accident, and whether Erwin Smith acted because of a sudden "emergency", in committing the negligent acts the jury found him guilty of, raised, at most, only defensive matters on a parity with contributory negligence, which had no necessary place in a mere venue trial, like this was. Dallas, etc., Bank v. Harrison, Tex. Civ.App., 131 S.W.2d 742; Roadway Transport Co. v. Gray, Tex.Civ.App., 135 S.W.2d 200; 30 Tex.Jur. 694; Martin v. Cable, Tex.Civ.App., 140 S.W.2d 894; American Seed Co. v. Wilson, Tex.Civ.App., 140 S.W. 2d 269; Traders & General Ins. Co. v. Cole, Tex.Civ.App., 108 S.W.2d 864.

■ (9) Appellants' requested issue on sudden emergency was this:

"If you have found in answer to any of the preceding special issues that Erwin Smith was driving on the left-hand side of the road immediately before the collision in question, do you find from a preponderance of the evidence that he turned to the left-hand side of the road immediately before the collision in question in an emergency and in an effort to avoid striking the plaintiffs' car?

"Answer 'Yes' or 'No'."

The refusal of this inquiry did not involve prejudicial error, it is thought, for the further reason that, inherently, it did not raise a material nor ultimate issue of fact, an answer to which would have properly formed a basis for a judgment; it failed to define what "an emergency" was, and to ask whether such act, if answered yes, was either negligence or a proximate cause of the accident. Speer on Special Issues, p. 371; Wichita Falls & O. R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, 85; Hooks v. Orton, Tex.Civ.App., 30 S.W.2d 681, 684.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.