## ANDERS v. NEWSOM et al.

### No. 2706.

Court of Civil Appeals of Texas. Eastland.

Jan. 21, 1949.

Rehearing Denied Feb. 11, 1949.

Smith & Smith, of Anson, for appellant.

L. H. Welch, of Breckenridge, for appellees.

GRISSOM, Chief Justice.

J. E. Newsom and Providence Washington Insurance Company sued Faye Anders, a resident of Jones County, in Stephens

County for damages caused by a collision of Anders' truck with Newsom's automobile in Stephens County. The only reference to the insurance company in plaintiff's petition, other than naming it as one of the plaintiffs in the first paragraph, and in the prayer, is found in paragraph 8, where it is alleged that said insurance company, prior to the collision, insured Newsom's automobile against damage by collision, and, after the collision, paid to Newsom $159.70 of the $209.70 "cost of repairing said automobile" and that Newsom had assigned to the insurance company "an interest in the amount of $159.70 in and to the claim for damages, the basis of this suit" and that said company had become "subrogated to all of the rights of * * * Newsom to the amount of $159.70 of the amount of recovery against the defendant Faye Anders." Anders filed a plea of privilege asserting a right to be sued in Jones County. Newsom filed a controverting affidavit in which it was, in substance, alleged that McGuire committed a trespass in Stephens County; that he was then an employee and agent of Anders, and that he was acting in the course of his employment by Anders when he negligently drove Anders' pick-up truck at a speed of 70 miles an hour to his left across the center line of the highway onto the side on which Newsom was driving his automobile and struck Newsom's automobile in Stephens County; that, therefore, the cause was maintainable in Stephens County, under Exception 9, Art. 1995, Vernon's Ann.Civ.St., because McGuire thereby committed a trespass in Stephens County for which Anders was responsible. Trial was to the court; judgment was rendered overruling Anders' plea of privilege and he has appealed.

█ The evidence was sufficient to sustain a presumed finding in accord with the allegations mentioned. See McGriff v. Hazle, Tex.Civ.App., 201 S.W.2d 92, 97. It was sufficient to sustain a finding that a trespass was committed in Stephens County for which Anders was responsible. Brown Express, Inc., v. Arnold, 138 Tex. 70, 157 S.W.2d 138, 139. The cause of action, so far as Newsom is concerned, is clearly maintainable in Stephens County under Subdivision 9, Article 1995. Stone v. Kerr, Tex.Civ.App., 62 S.W.2d 357; McCulloch v. Withers, Tex.Civ.App., 131 S.W.2d 252; Martin v. Cable, Tex.Civ.App., 140 S.W.2d 894; Steinberg-Maas Co., Inc., v. Northcutt, Tex.Civ.App., 121 S.W.2d 1021, 1024.

█ Appellant contends that, in any event, the cause of action asserted by the insurance company should be transferred to Jones County because it filed no controverting plea. In their petition, the parties plaintiffs (Newsom and the insurance company) were usually referred to in the singular as "plaintiff." The same is true as to the controverting affidavit. The controverting affidavit made plaintiff's petition a part thereof. In the petition, the insurance company was named as a plaintiff along with Newsom and the insurance company's interest in the cause of action was alleged in the manner heretofore stated. The controverting affidavit was signed by the same counsel who signed the petition as attorney for both Newsom and the insurance company. It was not required that some official of the insurance company verify the controverting plea for the plea to enure to its benefit. It is not necessary that a controverting plea be signed by or sworn to by all the plaintiffs. Pounds v. Marler, Tex.Civ.App., 50 S.W.2d 382, 384. The controverting affidavit would certainly have been sufficient for both plaintiffs if it had expressly stated that it was made by Newsom for both himself and the insurance company. Although it was not expressly so stated, we think it is evident that it was so intended. See Barnes v. Ellis County Mutual Aid Ins. Ass'n, Tex.Civ. App., 296 S.W. 984; Heid Bros. v. Mueller-Huber Grain Co., Tex.Civ.App., 185 S.W. 2d 470 and 33 Tex.Jur. 483.

█ There was no exception to the controverting affidavit, nor objection to any testimony or proceeding in the trial court pointing out such omission. See Buchanan v. Jean, 141 Tex. 401, 404, 172 S.W.2d 688. There was but one cause of action. 46 C.J.S., Insurance, § 1209, p. 172. It was for the damage done to Newsom's automobile. The suit could have been maintained in Newsom's name alone for the benefit of

both. 46 C.J.S., Insurance, § 1209, p. 172; Hyde v. Marks, Tex.Civ.App., 138 S.W.2d 619, 625; Hudson Underwriters Agency of Franklin Fire Ins. Co. v. Ablon, Tex.Civ. App., 203 S.W.2d 584, 585; San Antonio & A. P. R. Co. v. D. M. Picton & Co., Tex. Civ.App., 111 S.W.2d 842, 844, writ ref. Questions of misjoinder of parties or causes of action are ordinarily immaterial on the issue of venue. Cogdell v. Martin, Tex. Civ.App., 176 S.W.2d 982, 985; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W. 2d 810; Pena v. Sling, 135 Tex. 200, 214, 140 S.W.2d 441, 128 A.L.R. 1223; 5 Tex. Jur. 46.

In Farrell v. Lawrence, Tex.Civ.App., 97 S.W.2d 391, 392, Mrs. Lawrence filed a suit for slander in which her husband was joined only pro forma as plaintiff. It was held that it was immaterial on the venue issue whether or not he was so joined and that the venue question was not affected by lack of a necessary party plaintiff. See also Foster v. Gulf, C. & S. F. Ry. Co., 91 Tex. 631, 45 S.W. 376.

Texas Rules of Civil Procedure, rule 90 provides, in part:

" * * * Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court * * * before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account * * *."

In Robinson v. Glasse, Tex.Civ.App., 188 S.W.2d 598, 600, plaintiff's petition was not properly made a part of his controverting affidavit and it was insufficient without the petition. The court held that since defendant did not call the defect to the trial court's attention he "clearly waived his right on appeal to question the sufficiency of said affidavit under said Rule 90 * * *."

In Kerin v. Jones, Tex.Civ.App., 185 S.W.2d 448, plaintiff did not properly make his petition a part of his controverting affidavit. The affidavit, tested by its own allegations and unaided by the petition, was insufficient. Appellant filed no exceptions and made no objections in the trial court based upon the failure to properly make the petition a part of the affidavit. The court held that appellant thereby waived the defect in the controverting affidavit.

In Texas Osage Co-op Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849, 851, the court held that an appellant who did not prior to rendition of judgment, by motion, exception or otherwise, attempt to secure a decision of the trial court on an alleged defect in an affidavit attached to plaintiff's pleadings waived the right to question the sufficiency of the affidavit on appeal.

In Tew v. Griffith, Tex.Civ.App., 187 S.W.2d 408, 409, it was held that where appellants, by cross action, specially pleaded that the actions of appellee constituted negligence and a proximate cause of the collision and no answer was filed in response to said cross action, appellee's failure to answer, or the insufficiency of his answer, could not be raised for the first time on appeal.

In Hill v. Hill, Tex.Civ.App., 205 S.W. 2d 82, it was held that where an appellant did not in the trial court challenge the sufficiency of appellee's controverting affidavit and made no objection based on such deficiency to the introduction of evidence in support thereof, he would not be heard on appeal to complain of the insufficiency of the controverting affidavit. See also Bednarz v. State, 142 Tex. 138, 176 S.W. 2d 562, 563, and Texas Employers' Ins. Ass'n v. Marsden, 131 Tex. 256, 114 S.W. 2d 858.

▓ We think it is clear that appellant waived the defect in the controverting affidavit.

The judgment is affirmed.