## TEXAS FARM PRODUCTS CO. et al. v. JOHNSON et al.

### No. 2654.

Court of Civil Appeals of Texas. Waco.

Oct. 18, 1945.

Rehearing Denied Nov. 8, 1945.

Hosea L. Edwards, of Nacogdoches, for appellants.

Bennett & Bennett, of Normangee, and Burroughs & Bain, of Centerville, for appellees.

HALE, Justice.

This is an appeal from an order overruling a joint plea of privilege. The controlling question is whether the suit out of which it arises is based upon a trespass within the meaning of Sub. 9, Art. 1995, Vernon's Tex.Civ.Stats.

Appellees brought the suit in Leon County against Texas Farm Products Co., a corporation, and Lonnie Rhodes, seeking damages on account of injuries resulting in the death of J. T. Johnson. As grounds of recovery they alleged in substance that Rhodes was an employee of the defendant corporation and while acting in the course of his employment he negligently caused a motor truck which he was operating through the town of Buffalo in Leon County to collide with a pick-up automobile being operated by the deceased. They charged negligence in the operation of the truck at an excessive rate of speed, on the wrong side of the highway and in fifteen other separate particulars and alleged that such negligence was the proximate cause of the injuries and damages of which they complained.

Appellants answered the suit with a joint plea of privilege asserting their right to be sued in Nacogdoches County. Appellees duly filed and presented their controverting affidavit to the plea of privilege, seeking to hold venue in Leon County upon affirmative allegations that their suit is based upon a trespass committed in that County. They repleaded the essential facts contained in their original petition and by referring to such petition in its entirety they sought to make the same a part of their controverting affidavit for all purposes. They again alleged specifically in their controverting plea that Rhodes was an employee of the defendant corporation and while acting in the course of his employment on the occasion in question he was operating its truck "in a reckless, careless and dangerous manner, in that he was operating the same in the town of Buffalo, Texas on said occasion at a greater rate of speed than 20 miles per hour, operating and propelling the same down the center of said highway No. 79, occupying a portion of said highway to the left of the center line of said highway in the direction in which said motor truck was travelling and at a time when said highway in front of said motor truck was not clear and unobstructed for a distance of at least 50 years ahead, and at a time when said automobile in which the deceased, J. T. Johnson, was riding was approaching and meeting said motor truck coming from the opposite direction, all of which was negligence on the part of said defendant, Lonnie D. Rhodes; that as a direct and proximate result of such negligence such motor truck was driven into and collided with said pick-up automobile in which deceased, J. T. Johnson, was riding, striking the same with great force, etc."

After hearing the evidence adduced on the issues thus joined by the pleadings without the aid of a jury, the trial court rendered judgment overruling the pleas of privilege. Appellants say the judgment should be reversed because (1) appellees failed to prove by a preponderance of the evidence that Rhodes operated the truck in the incorporated town of Buffalo at a rate of speed in violation of law, or that he operated the same to the left of the center line of the highway at a time when the highway was not clear and unobstructed for a distance of at least 50 yards ahead; (2) if such proof was made, then such conduct on the part of Rhodes constituted a crime or offense which could not be imputed in law to Texas Farm Products Co.; and (3) the evidence failed to show that any wrongful conduct, if any, on the part of Rhodes was a proximate cause of the collision and resulting damages.

Sub. 9, Art. 1995, of Vernon's Tex. Civ. Stats. reads as follows: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed." It has been held, however, that since a crime or offense of an agent or servant is not ordinarily imputable as such to the principal or master, venue may not properly be held against a non-resident principal under this subdivision merely by showing that the agent has committed a crime or offense in the county where the suit is brought. Mercer v. McCurley, 142 Tex. 197, 176 S.W.2d 923; Thomas v. Meyer, Tex.Civ.App., 168 S.W.2d 681; Heard & Heard, Inc., v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817. Hence, in order to hold venue in Leon County against both appellants under the pleadings in this case, the burden rested upon appellees to prove by a preponderance of the evidence adduced at the hearing that their suit is based upon a trespass committed by each appellant in that county within the meaning of the venue statute. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W. 2d 619.

The gist of a trespass is the doing of an unlawful act, or the doing of a lawful act in an unlawful manner, to the injury of the person or property of another. 41 Tex.Jur. and authorities; Waco Cotton Oil Mill v. Walker, Tex.Civ.App., 103 S.W. 2d 1071. In order to constitute a trespass, the injury complained of must result from an affirmative wrongful act as distinguished from a mere omission to perform a legal duty. Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062; Metzger Dairies v. Wharton, Tex.Civ.App., 113 S.W.2d 675. A trespass committed by a servant while acting in the course of his employment is imputable to the master in the law of negligence, regardless of whether the wrongful act of the servant may or may not also amount to a criminal offense. Brown Express v. Arnold, 138 Tex. 70, 157 S.W. 2d 138; McCulloch v. Withers, Tex.Civ. App., 131 S.W.2d 252.

Five witnesses testified at the hearing in this case. The evidence showed without any substantial dispute that Rhodes was an employee of Texas Farm Products Co. and was acting in the course of his employment as such in operating the company's truck when it collided with a pick-up automobile in the town of Buffalo in Leon County, whereby J. T. Johnson sustained injuries resulting in his death and damages to appellees. The collision occurred in the business section of Buffalo about twelve o'clock noon at a time when rain was falling. The paved portion of the highway where the accident occurred was about 20 feet wide.

There was competent evidence to the effect that Rhodes was operating the truck at and immediately prior to the time of the collision at a rate of speed in excess of 30 miles per hour, although Rhodes testified that he was not driving in excess of 18 or 20 miles per hour. There was also competent testimony that shortly before the collision Rhodes had passed an automobile traveling west on the highway in which two of the witnesses were riding, and in doing so he had propelled his truck to the left of the center line in the highway; and at the time of the collision with the pick-up automobile, which was traveling east on the highway, the truck had not been driven back into the traffic lane to the right of the center line. Rhodes denied passing any automobile in the town of Buffalo and testified that he was driving at all times to the right of the center line in the highway and that the pick-up automobile was approaching him at a speed of 50 miles per hour when it crossed over to the north side of the highway and struck the truck.

Without further analysis of the conflicting evidence, we deem it sufficient to say that in our opinion the same was amply sufficient to tender issues of fact for the determination of the trial court as to whether or not Rhodes was operating the truck (1) at a rate of speed in excess of 30 miles per hour, or (2) to the left of the center line in the highway and, if so, (3) as to whether either or both of such positive acts constituted negligence in fact on his part and, if so, (4) as to whether either or both of such negligent acts constituted a proximate cause of the collision and its resulting injuries and damages. Since the trial court did not file express findings of fact and conclusions of law, this court must presume that all issueable facts raised by the pleadings and tendered by the evidence were found in support of the judgment appealed from. Miller v. State ex rel. Abney, Tex.Civ.App., 155 S.W.2d 1012, pt. 1, error refused.

A preponderance of the evidence means the greater weight of the credible testimony. When a fact issue is tried by

the court without the aid of a jury it is the province of the trial judge to pass upon the credibility of the witnesses and the weight to be given to their testimony. If in fact Rhodes was guilty of actionable negligence in each of the above particulars, as this court must assume under this record, then we think the trial court was warranted in concluding that the suit out of which this proceeding arises is based upon a trespass committed by each appellant in Leon County, within the meaning of the venue statute. Moreland v. Leslie, 140 Tex. 170, 166 S.W.2d 902; Stroud v. Smith, Tex.Civ.App., 119 S.W.2d 894; Brandon v. Schroeder, Tex.Civ.App., 149 S.W.2d 140; Odom v. Parker, Tex.Civ.App., 173 S.W.2d 328; Cogdell v. Martin, Tex.Civ. App., 176 S.W.2d 982.

Therefore, all of appellants' points are overruled and the judgment appealed from is affirmed.