## HILL v. CONNORS et al.

No. 5952.

Court of Civil Appeals of Texas. Amarillo.

March 28, 1949.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, H. H. Cooper, of Amarillo, and J. F. Sparks, of Eastland, for appellant.

Monning & Monning, of Amarillo, for appellees.

LUMPKIN, Justice.

Appellees, Winston Churchill Connors and Eddie Cunningham, brought this suit against the appellant, Don C. Hill, for personal injuries and for damages growing out of a collision between appellees' truck and a jeep and trailer owned by the appellant and driven by appellant's fourteen year old son, Don M. Hill. The parties stipulated that the collision occurred on U. S. Highway No. 287 near Washburn, Armstrong County, Texas. The truck, driven by Connors, was going east on the highway and the appellant's jeep pulling the trailer was proceeding in the opposite direction on the same highway. This appeal is from an order overruling appellant's plea of privilege to be sued in Eastland County, Texas, the county of his residence, rather than in Armstrong County, where, appellees contend, venue is fixed by Subdivision 9, Article 1995, Vernon's Annotated Civil Statutes.

In thier original petition the appellees allege that on June 3, 1948, they owned a Chevrolet truck and the appellant owned a Willys Jeep automobile and a six-foot trailer carrying a fourteen-foot aluminum boat; that. Don M. Hill, appellant's son, was driving the jeep on U. S. Highway No. 287 in Armstrong County; that Don M. Hill negligently drove the jeep in such a manner as to cause it to collide with the Chevrolet truck driven by appellee, Winston Churchill Connors. The appellees allege various acts of negligence on the part of Don M. Hill, namely, that he drove the vehicle in excess of the lawful speed; that he failed to keep a proper lookout as required by law; that he drove the vehicle while fatigued and sleepy; that he crossed the center line of the highway and drove the jeep in the left traffic lane and failed to keep the vehicle under control in violation of law and contrary to the manner in which an ordinarily prudent person would have operated the jeep under the same or similar circumstances; that he operated the jeep without having obtained an operator's license as required by law. The appellees allege that these acts of negligence, jointly and severally, were the proximate cause of the collision and the injuries and damages sustained by appellees.

The appellees further allege that the appellant, Don C. Hill, knew, or in the exercise of ordinary care should have known, that Don M. Hill was an incompetent, unqualified, and reckless driver and that he was without an operator's license as required by law; that on the occasion of the accident he was tired, fatigued, and sleepy; that appellant allowed Don M. Hill to drive the jeep at an unlawful rate of speed; and that he allowed him to drive the jeep and pull the trailer loaded with the boat when appellant knew, or in the exercise of ordinary care should have known, that the trailer and boat would make the jeep difficult to control. These acts of negligence on the part of the appellant, the appellees assert, were jointly and severally the proximate cause of the automobile collision and the injuries and damages sustained by the appellees.

Appellant's plea of privilege was in conformance with Article 2007, Vernon's Ann.Civ.St. Such a plea is prima facie proof of a defendant's right to a change of venue. In order to sustain venue by showing a trespass within the meaning of Subdivision 9, Article 1995, the appellees filed a controverting affidavit in which the various acts of negligence, as alleged in the original petition, were repeated. Trial was before the court without the intervention of a jury and resulted in the trial court overruling appellant's plea of privilege.

Appellant contends that the evidence introduced by the appellees was insufficient to bring this case within one of the exceptions listed in Subdivision 9 and therefore the court erred in overruling the appellant's

plea of privilege. We cannot agree wtih appellant in this contention.

The plaintiff has the burden of proving as well as pleading the facts necessary to prove venue. Concerning the subject of venue in cases of this nature, the Supreme Court in Barron et al. v. James, 145 Tex. 283, 198 S.W.2d 256, has laid down the rule that unless there is evidence tending to prove an affirmative act of negligence on the part of the defendant, as distinguished from an omission to perform a duty, then the trespass is not proved and the venue remains in the county of the defendant's domicile. Negligence, said the court, involves a failure of duty. It consists of acts or omissions. If the duty is breached by an act of negligence, affirmative in character, a trespass may exist; if the breach is negative, a trespass does not exist. Metzger Dairies v. Wharton, Tex. Civ.App., 113 S.W.2d 675; Jackson v. Mc-Clendon, Chief Justice et al., 143 Tex. 577, 187 S.W.2d 374.

No separate findings of fact were filed by the trial court. Therefore, if there is evidence to warrant such findings, we must presume that the trial court found the facts to be in support of its judgment. In testing the insufficiency of evidence, it is our duty to consider only the evidence which tends to support the judgment and to disregard all evidence to the contrary. Gilmore et al. v. Transit Grain & Commission Co., Tex.Civ.App., 213 S.W.2d 880.

The appellee Connors testified that when he first observed the appellant's jeep it was approaching on the south or wrong side of the highway and about seventy-five yards from him. Connors could not testify as to the speed of either the jeep or his own vehicle. He first noticed the jeep after it drove into the south lane of traffic. He was unable to remember the actual collision, except "My remembrance is that it happened on my side,—it happened so fast and so quick." He testified, "It was about two miles easy of Washburn, something like that; I don't remember exactly how far; I was driving east toward Claude, and on my side of the road, and suddenly this vehicle started to pull over on my side, and headed in my general direction. At first it seemed he was going on across in front of me toward the borrow ditch, but before he got to the gravel on the side of the road he straightened out and headed toward me, and then just before we collided it seemed he turned back to his right slightly before we collided. That was all in one continuous motion; I couldn't say he jerked in either direction."

The record reveals that Connors was knocked unconscious and pinned beneath the truck and that one Willis Lamb, Connors' helper, was killed as a result of the collision. From a study of the tire marks made by the vehicles on the pavement, a highway patrolman and other witnesses surmised that the jeep, with the trailer attached, swerved to Connors' side of the road and then turned back north of the center line. Photographs of tire marks on a pavement were introduced in evidence. These purported to show the tire marks of the jeep and truck. The jeep tracks came several feet south of the center line and then curved north and across the center line. The tire marks of the truck cut sharply north and across the center line, which indicates, presumably, that the driver, Connors, was trying to dodge the approaching jeep by pulling the heavy truck hard to the left.

The appellant admitted ownership of the Willys Jeep, the boat, and the trailer. When called to the stand by the appellees, he testified that his son was hauling the boat and that he intended to use the boat in the mountains for fishing.

Our courts have held that the negligent driving of a motor vehicle into another lane of traffic and striking another vehicle in that lane is an affirmative act of negligence within the meaning of Subdivision 9 of the venue statutes. Barnes v. Moro, Tex.Civ.App., 76 S.W.2d 831; Jarvis-Tull & Co. v. Williams, Tex.Civ.App., 114 S.W.2d 1218; Texas Farm Products Co. et al. v. Johnson et al., Tex.Civ.App., 190 S.W.2d 178. The appellant argues that, as evidenced by certain marks or scratches on the pavement, the point of impact of the two vehicles was north of the center line rather than on the south or Connors' side of the highway. Even if the point of impact was in appellant's lane of traffic, the evidence is ample to show that the collision

resulted from Don M. Hill's affirmative act of negligence in driving into appellee Connors' lane of traffic. Schuller v. Fears, Tex.Civ.App., 67 S.W.2d 343. The evidence clearly reflects that the appellant's son, Don M. Hill, drove the jeep on the wrong side of the highway and in the path of appellees' truck in violation of Article 801 of the Penal Code. In our opinion the trial court did not err in overruling appellant's plea of privilege.

We have carefully reviewed the record in this case. The appellant's point of error is overruled, and the judgment of the trial court is affirmed.