WALKER'S AUSTEX CHILI CO. et al. v. ELBERT et al.

No. 12262.

Court of Civil Appeals of Texas. Galveston.

Feb. 15, 1951.

Rehearing Denied March 1, 1951.

234

Strasburger, Price, Holland, Kelton & Miller and Royal H. Brin, Jr., all of Dallas, for appellant.

Williams & Thornton and Dudley W. Peterson, all of Galveston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order of the District Court of Galveston County overruling pleas of privilege in an action brought by appellees for the recovery of damages alleged to have been sustained by them as a result of the negligent operation of an automobile owned by appellant, Walker's Austex Chili Company, and operated by its employee, A. B. Quinn, which resulted in injuries to themselves and damage to their automobile.

Appellants filed pleas of privilege in statutory form in which they alleged that A. B. Quinn resided in Harris County, Texas, and that Walker's Austex Chili Company is a Texas corporation with principal office and place of business in Travis County, Texas. Appellees, in due time, filed their controverting affidavit under Rule 86, Texas Rules of Civil Procedure, in which they denied the allegations of appellants' pleas of privilege and claimed venue of this suit in Galveston County under Subdivision 9 of Article 1995, Revised Civil Statutes, Vernon's Ann.Civ. St. Art. 1995, § 9.

Upon a hearing before the Court of the issues raised by the pleas of privilege and the controverting affidavit, an order was entered overruling appellants' pleas of privilege, from which order appellants have appealed.

Under their assignments of error appellants contend, in substance, that appellees failed in the trial court to show that appellant Quinn was acting in the course of his employment with Walker's Austex Chili Company at the time of the collision and that they failed to establish the fact that appellants had committed any crime or trespass.

No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

The suit arose out of a collision which occurred near the town of Alta Loma in Galveston County between an automobile owned by appellant, Walker's Austex Chili Company, and being driven by A. B. Quinn, its employee, and an automobile owned and being driven by Mr. Elbert. A. B. Quinn had been employed since September, 1948, as a sales representative for Walker's Austex Chili Company and was working for this company at the time of the collision. His territory included Harris, Galveston and other counties. The car he was driving had been in his possession for some months. Quinn had been instructed by his employer to pick up and dispose of some chili powder and was on his way to his home in Houston after disposing of the chili powder when the right wheels of his car slipped off of the highway and on to its muddy shoulders. In attempting to get back on the highway his car went across the highway and struck appellees' car knocking it off the pavement. Mr. Quinn testified that appellees' automobile was on its side of the pavement at the time it was struck. He testified that his driver's license had expired at the time of the collision.

The Venue Statute, Article 1995, Revised Civil Statutes, provides that no person who is an inhabitant of this state shall be sued out of the county in which he has his

domicile, subject to certain specified exceptions thereunder.

Subdivision 9 of said Article 1995 provides that "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed * * * or in the county where the defendant has his domicile."

 The courts of this state have uniformly held that to maintain venue of an action under Exception No. 9 of Article 1995, against one claiming his privilege of being sued in the county of his domicile, it is necessary to allege and prove that the "trespass" was committed in the county where venue is sought to be held and that such trespass embraces only actions for injuries resulting from wrongful acts willfully or negligently committed and not those which result from mere omissions of duty. Bates v. Stinnett, Tex.Civ.App., 170 S.W.2d 644, and authorities there cited.

In the case of Exception No. 9 of said Article 1995, our courts have held that the element of whether an affirmative and active trespass had been committed, for which recovery could be had, becomes a venue fact and requires allegations and proof of their existence, and in the case of Hill v. Connors et al., Tex.Civ.App., 219 S.W.2d 587, it was held that the negligent driving of a motor vehicle into another line of traffic and striking another vehicle in that line is an affirmative act of negligence within the meaning of Subdivision No. 9 of the Venue Statutes. This rule is followed in the following cases: Barnes v. Moro, Tex.Civ.App., 76 S.W.2d 831; Jarvis-Tull & Co. v. Williams, Tex. Civ.App., 114 S.W.2d 1218; Texas Farm Products Co. et al. v. Johnson et al., Tex. Civ.App., 190 S.W.2d 178.

In the instant case, appellant Quinn is charged with certain affirmative acts of negligence while operating his car. Under the record the court could, and apparently did, reasonably infer from the evidence that appellant Quinn was negligently operating his automobile in the course of his employment with appellant, Walker's Austex Chili Company, at the time of the collision and that such negligence proximately caused the injuries and damages claimed by appellees.

Under the established rule that, in an appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of appellees' contention, Sharp v. Mead et al., Tex.Civ.App., 127 S.W.2d 510; Douglas v. Williams et al., Tex.Civ.App., 83 S.W.2d 686, it will be presumed that the trial court found fact in conformity with the order overruling appellants' pleas of privilege.

It follows that the judgment of the trial court overruling the pleas of privilege must be affirmed.