300

## JENNINGS v. WHITE.

No. 2858.

Court of Civil Appeals of Texas.
Eastland.

March 23, 1951.

Barber & Barber, Colorado City, for appellant.

Thompson & Moore, Colorado City, for appellee.

COLLINGS, Justice.

This is an appeal from an order sustaining a plea of privilege. Suit was filed in the District Court of Mitchell County, Texas, by appellant, C. L. Jennings, against appellee, W. F. White, for damages alleged to have been sustained by appellant on account of personal injuries incurred while working on a construction job for appellee in Mitchell County which injuries were alleged to have been proximately caused by appellee's negligence. Appellee White filed a plea of privilege to be sued in Ector County where he resides and appellant duly filed his controverting affidavit. Upon a hearing before the court without a jury, the plea was sustained and C. L. Jennings brings this appeal.

Appellant Jennings alleged in his petition as plaintiff and in his controverting affi-

davit, by adoption of the petition therein, that he resided in Mitchell County, Texas and that appellee resided in Ector County, Texas. For cause of action, appellant alleged that he was employed for appellee herein as a laborer in the construction of a building in Colorado City, Mitchell County, Texas, and that while he was working in the course of his employment on such job, he fell from a saw-horse or scaffold-jack, a distance of three and one-half or four feet and was injured. As basis for his cause of action, appellant alleged the following acts of negligence:

"1) That appellee was negligent in so constructing said saw-horses, or scaffold-jacks for use on the cement floor of the house under construction without same having the customary four legs;

"2) That appellee was negligent in placing for use said saw-horses on the smooth floor of the building under construction;

"3) That appellee, through his agents, servants, and/or employees, was negligent in ordering appellant on said scaffold-jacks without checking the condition of said saw-horses;

"4) That appellee was negligent in not maintaining the premises in a reasonably safe manner for his workmen."

■ Subdivision 9, Article 1995, Vernon's Annotated Revised Civil Statutes of Texas under which appellant claims venue in Mitchell County, provides that: "A suit based upon * * * trespass may be brought in the county where such * * * trespass was committed * * *."

In order to maintain venue in Mitchell County under the above subdivision, the burden was on appellant to both allege and prove (1) an affirmative act of negligence on the part of appellee, his agent or representative resulting in the injury complained of, and (2) that such affirmative negligence or trespass occurred in Mitchell County.

Appellant contends in his first point that he both pleaded and proved an affirmative act of negligence by appellee constituting a trespass upon and to appellant's person in Mitchell County, and that venue lies in Mitchell County under Subdivision 9.

■■ We cannot agree with this contention. No findings of fact or conclusions of law were requested or filed in this case. We are, therefore, required to presume that all fact issues raised by the pleadings and evidence were found in support of the judgment rendered. In order to disturb the judgment in this case appellant must show that the record conclusively established that appellee committed a trespass or affirmative act of negligence in Mitchell County. Texas Farm Products Co. v. Johnson, Tex.Civ. App., 190 S.W.2d 178; Rasberry v. Jones, Tex.Civ.App., 195 S.W.2d 947.

■■ The evidence in this case does not conclusively establish negligence on the part of appellee White. There was evidence to the effect that White furnished the saw-horses or scaffold-jacks and that they were dangerous. The testimony to the effect that the saw-horses were dangerous is opinion evidence and is not conclusive. It simply raises a fact question. The evidence does not show that White was responsible for the manner of the use of the saw-horses, although appellant did testify that White made them and told him to use them on the inside of the building.

There was evidence to the effect that such saw-horses were not inherently dangerous, but that the danger arose from the failure to fasten them to the wall. The witness Yancey testified that he had used such saw-horses but not unless they were fastened to the wall, * * * that such use of them would be dangerous. He stated that you could nail them to the side of the building and in that way fasten them. There is no evidence as to who placed the saw-horses against the wall for use.

■ Appellant testified that White's foreman ordered him to get on and use the saw-horses in such defective condition, but appellant is an interested witness and his testimony is not binding. Simmonds v. St. Louis, B. & M. R. Co., 127 Tex. 23, 91 S W.2d 332 (Com.). The evidence presented was certainly not conclusive of negligence on the part of White. Any fact issue raised by the evidence as to negligence must be presumed to have been found in support of the judgment and against appellant.

Since the evidence of negligence is not conclusive we deem it unnecessary to determine the question of whether such alleged negligence was affirmative and of the nature of trespass.

The judgment of the trial court is affirmed.