GORBETT BROS. WELDING CO. et al.
v. REYNOLDS.

No. 10084.

Court of Civil Appeals of Texas.
Austin.

Nov. 12, 1952.

Rehearing Denied Dec. 3, 1952.

Leachman, Matthews & Gardere by J. Carlisle DeHay, Jr., Dallas, for appellants.

Joe Tunnell and L. F. Sanders, Canton, for appellee.

HUGHES, Justice.

Appellants Cleon Gorbett and W. A. Gorbett, partners, doing business under the name Gorbett Brothers Welding Company, and Billy Jack Carpenter appeal from an order overruling their pleas of privilege to be sued in Tarrant County, the county of their residence.

Appellee is Mattie Reynolds, the widow of George Reynolds who was killed in Grand Saline, Texas, on September 17, 1951, in a collision between the passenger car he was driving and a truck owned by Gorbett Brothers and driven by their employee, Billy Jack Carpenter, while in the usual course of his employment. Appellee has sued for damages resulting from her husband's death.

Appellee, to sustain venue in Van Zandt County, relies upon exception 9, Article 1995, V.A.C.S., providing that a suit based upon a crime, offense or trespass may be brought in the county where the crime, offense or trespass was committed, whether committed by the defendant or his agent or representative.

The trial court, at appellant's request, filed numerous findings of fact and conclusions of law. Many of these findings are attacked by appellant as being wholly unsupported or insufficiently supported by the evidence.

Since we are of the opinion that the finding which follows is not without sufficient evidence to support it and that from such finding alone venue is properly laid in Van Zandt County, we will forego discussion of all other assignments made by appellant since, by such holding, they become immaterial.

The court found:

"That in approaching said intersection the said Billy Jack Carpenter did not observe or lookout for other vehicles approaching said intersection and travelling upon said Main Street; and the said Billy Jack Carpenter failed to yield the right of way to the said George Reynolds whom the Court finds, from all the evidence and admissions, to have said right of way at the time and place in question."

The collision occurred about 5:30 A.M., at the intersection of U. S. Highway 80 and Main Street within the corporate limits of Grand Saline. Highway 80 runs in an east-west direction and Main Street north and south. Deceased was driving a Chevrolet

passenger car south on Main Street and was its only occupant. Billy Jack Carpenter was driving appellant's tandem semi-trailer truck which was heavily loaded with pipe east on U. S. Highway 80. This Highway west from its intersection with Main Street inclines about 30 feet in approximately 600 feet where the crest is reached. At some 400 feet west of the intersection appellant's truck was observed to be traveling at a speed of 25 or 30 miles an hour.

The traveled portion of Highway 80 at the intersection is about 50 feet wide. Main Street is 100 feet wide.

The left front fender and wheel of appellant's truck struck the right side of the Chevrolet, about the center, pushing it sideways for a distance of about 60 feet along the street up over a 20-inch curb across the sidewalk and crashing into a brick building at the southeast corner of the intersection.

An eye witness to the collision testified:

"Q. When did you first see the passenger car? A. I seen the headlights —could see the headlights of the car driving up there, it looked like he had stopped, or almost stopped, and I glanced off and when I looked up he was going across the highway.

"Q. Where was the passenger car when you heard the impact? A. It was half way over across the highway.

"Q. Where was the truck? A. It was on the right-hand side of the highway, going that way.

"Q. With reference to the red light, are you familiar with the traffic signal that hangs there in the center of that intersection? A. Yes sir.

"Q. Where was the automobile with reference to that red light when you heard the collision or saw it? A. It had passed the red light.

"Q. In other words it was south of the red light? A. That is my idea.

"Q. Now, then, where was it with reference to east or west of the red light, the passenger car? A. It was west, I think of the red light."

The signal light referred to by the witness was not operating at the time of the collision.

The weather was clear.

Answering appellee's request for admissions appellant admitted:

"(a) The point of impact between the truck and passenger car in question occurred in the right lane of traffic on United States Highway No. 80, that is, the right lane of traffic with reference to the truck, or in other words, the south lane of United States Highway No. 80.

\*   \*   \*   \*   \*   \*

"(b) The said Billy Jack Carpenter saw said headlights burning on said car as said car approached said intersection traveling South on said Main Street.

"(c) Billy Jack Carpenter saw the passenger car in question enter the intersection of United States Highway # 80 and Main Street.

\*   \*   \*   \*   \*   \*

"(d) Billy Jack Carpenter was not meeting any vehicle traveling west upon said highway 80 at the time of the collision in question."

Section 71(a), Article 6701d, V.A.C.S. (a penal statute), provides that "The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway."

■ The evidence leaves little room to doubt that the driver of the truck violated the above statute. Certainly the evidence is sufficient to support the finding of the trial court in this respect.

■ A suit based on a violation of this Article fixes venue in the county where the violation occurred. Cumba v. Union Bus Lines, Tex.Civ.App., 229 S.W.2d 176 (San Antonio C.C.A.); James v. Strickland, Tex. Civ.App., 241 S.W.2d 234 (Austin C.C.A., mandamus overruled); Capps v. Dodd, Tex.Civ.App., 246 S.W.2d 267 (Waco C.C. A.).

The judgment of the trial court is affirmed.