**GORBETT BROS. WELDING CO. et al. v. MALONE et al.**

No. 6256.

Court of Civil Appeals of Texas. Amarillo.

Dec. 22, 1952.

Rehearing Denied Jan. 26, 1953.

Leachman, Matthews & Gardere, Dallas, for appellants.

Enoch G. Fletcher, Grand Saline, for appellees.

LUMPKIN, Justice.

The appellants, Cleon Gorbett and W. A. Gorbett, individually and d/b/a Gorbett Brothers Welding Company, a partnership, and Billy Jack Carpenter, have perfected this appeal from the order of the District Court of Van Zandt County, Texas, overruling their plea of privilege to be sued in Tarrant County, the county of their residence.

On September 17, 1951, at about 5:30 a. m., Cecil Malone was killed on the Main Street of Grand Saline, Van Zandt County. The appellees, Malone's widow, Zula Mae Malone, for herself and as next friend for her minor daughter, Cela Beth Malone, and Malone's son and father, brought this suit against the appellants for damages as a result of Malone's death alleged to have occurred in a collision between an automobile driven by George Reynolds and a truck owned by Gorbett Brothers and driven by their employee, Billy Jack Carpenter, acting in the usual course of his employment.

To sustain venue in Van Zandt County, the appellees are relying on Subdivision 9, Article 1995, Vernon's Annotated Civil Statutes, which provides that a suit based upon a crime, offense or trespass may be brought in the county where the crime,

850

offense or trespass was committed, whether committed by the defendant or by his agent or representative.

In our opinion the venue of this case is properly laid in Van Zandt County under Subdivision 9 of the Venue Statute. In their controverting affidavit, the appellees alleged that the collision occurred at the intersection of U. S. Highway 80 and Main Street in the town of Grand Saline, that Main Street is 100 feet wide and that the highway is 80 feet wide and intersects Main Street from the west down a steep incline. The appellees pleaded that at the time of the collision, George Reynolds was traveling south on Main Street and reached the intersection of U. S. Highway 80 in advance of the appellants' truck which was going east on the highway; that as Reynolds' car was leaving the intersection, still traveling south, it was struck by the truck traveling at such a rate of speed that it pushed the car across the street, a distance of about 50 feet, against and over a cement curb and water plug and upon the sidewalk; that Reynolds was thrown out of the car and killed and that Cecil Malone was either thrown out of the car or struck by the Reynolds' car and killed. The appellees alleged that the truck driver was guilty of certain wrongful acts at the time of the accident, each of which was the direct and proximate cause of the collision, the resulting death of Cecil Malone and the damages suffered by the appellees. Among the wrongful acts pleaded by the appellees is the allegation that the truck driver, at the time and place of the accident, committed a crime by failing to yield the right-of-way to George Reynolds, and the allegation that the appellant Carpenter was driving the truck at a greater rate of speed than was reasonable and prudent under the existing circumstances, considering the actual and potential hazard created at the intersection by the manner in which Carpenter was driving the heavily loaded truck down the incline. After finding that the truck driver, Billy Jack Carpenter, had committed a crime and trespass in Van Zandt County, the trial court, acting without a jury, overruled the appellants' plea of privilege.

The trial court did not file Findings of Fact and Conclusions of Law, nor were they requested. Therefore, on appeal it will be presumed that all fact findings and fact inferences, having support in the evidence, were found in favor of the judgment by the trial court. Texas Farm Products Co. v. Johnson, Tex.Civ.App., 190 S.W.2d 178; Williams et ux. v. Ritcheson, Tex.Civ.App., 212 S.W.2d 813. Only that evidence will be considered which tends to support the judgment; all evidence to the contrary will be disregarded. Hill v. Connors, Tex.Civ.App., 219 S.W.2d 587; 3 Tex.Jur. 1090.

U. S. Highway 80 runs east and west, while Main Street runs north and south. Reynolds was driving a Chevrolet passenger car south on Main Street and probably was its only occupant. Carpenter was driving the appellants' truck (tractor) and trailer, heavily loaded with pipe, east on the highway. From the intersection, the highway inclines to the west. The incline is "pretty steep," a grade of about 30 feet in approximately 100 yards. The appellants' heavy duty truck and trailer, with an overall length of 42 feet, was traveling at a speed of from 25 to 30 miles per hour. From the photographs introduced in evidence, it can be seen that the left front fender and wheel of the truck struck the right side of the Chevrolet. Other evidence shows that the truck pushed the car sideways for about 50 feet, over an 18-inch curb, across the sidewalk, into Cecil Malone, who was probably on the sidewalk, and into a brick building used as a hotel and located on the southeast corner of the intersection.

W. B. Pendergrass, an eye witness to the collision, testified that he was walking east on Highway 80 when he observed appellants' truck. His testimony continues:

"Q. Where were you when that truck passed you? A. I was, I guess, two and a half blocks from the red light.

"Q. Is it on Main Street and Highway 80? A. Yes.

"Q. About how fast was that truck going when it passed you? A. My

guess would be twenty-five or thirty miles an hour, maybe thirty-five, something like that—that is guessing at it. * * *

"Q. After that truck passed you, did you observe a car going south on Main Street there? A. I seen one approaching the crossing there, seen the headlights.

"Q. Where was it, with reference to that particular crossing when you first observed it? A. I could just see the reflection of the lights, and it drove up to the edge of the highway. I was walking, and when I glanced down it was going across the highway about that time.

"Q. Did you observe whether that car that was going across the highway was struck by the truck or not— what happened to the car, if anything, after it started to cross the highway? A. It went on until the truck hit it, across the highway.

"Q. With reference to the highway there, was it nearly across the highway when it was struck by the truck? A. Looked like it was a little more than half way.

"Q. When you saw that car, Mr. Pendergrass, check there for the highway, whereabouts was that truck at that time? A. It was, I would guess, something like half way down that incline, or maybe a little more— that would be a block long.

"Q. It was some half a block then, from the intersection, when the car checked to cross the intersection, is that right? A. It might have been a little closer, it was on down the grade a right smart piece.

"Q. Where was it with reference to that alley that runs back of the garage? A. It was between that and the red light.

"Q. What happened after the truck struck the car? A. They just went veering on out toward the hotel there.

"Q. Which direction was the car after the truck hit it? A. Right in front of the truck and it veered toward the hotel, it drove it right on down.
* * *"

We believe it a fair inference to say that the foregoing testimony, together with the entire record of the case, is sufficient to infer that the Chevrolet was in the intersection before the truck entered it, and that the car was past the middle of the intersection before it was struck by the truck.

■ Section 71(a), Article 6701d provides that "The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway." There is no doubt that the truck driver violated this statute. He failed to yield the right-of-way to the Chevrolet. This is not disputed, and the evidence is sufficient to support the trial court's ruling that the truck driver committed a crime in Van Zandt County in not yielding the right-of-way to Reynolds. Under the 1947 amendment to Subsection 9 of the Venue Statute, venue of the principal may be maintained for the crime or trespass of his agent or employee. Admittedly the truck driver was the employee of the Gorbett Brothers Welding Company. The trial court's finding that the truck driver committed a crime is sufficient to fix venue in Van Zandt County. Safety Convoy Co. v. Potts, Tex.Civ.App., 214 S.W.2d 680; Royal Crown Bottling Co. v. Minugh, Tex. Civ.App., 244 S.W.2d 531; Reynolds v. Goldthorn, Tex.Civ.App., 241 S.W.2d 643; 29 Texas Law Review 515.

■ Moreover, venue may be maintained in Van Zandt County for another reason. The trial court also found that the truck driver committed a trespass. Driving a heavily loaded truck down a "pretty steep" incline at 25 to 30 miles per hour on to Main Street, striking a car at such a speed as to shove it sideways for 50 feet over a curb and cause the death of two men is a wrongful act wilfully or negligently committed and constitutes a trespass within the purview of Subsection 9. The evidence warrants the implied finding that the truck driver negligently

drove the truck into the intersection, after the Reynolds' car had entered it, and negligently drove the truck into the Chevrolet and that these acts of negligence were the proximate cause of the collision, of Cecil Malone's death and of the resulting damages suffered by the appellees. The trial court's finding that the driver committed a trespass also is sufficient to fix venue in Van Zandt County. Chiles v. Goswick, 148 Tex. 306, 225 S.W.2d 411; Yearwood v. Nichols, Tex.Civ.App., 230 S.W.2d 313.

Because of our disposition of the appeal, it is not necessary to discuss the appellants' points of error. These, therefore, are overruled, and we affirm the judgment of the trial court.