## FIELDTON CO–OPERATIVE GIN v. WRIGHT et al.

### No. 6316.

Court of Civil Appeals of Texas. Amarillo.
June 15, 1953.

J. Alex Blakeley, Dallas (Wayne A. Melton, Dallas, of counsel), for appellant.

Vickers & Vickers, Lubbock, for appellees.

MARTIN, Justice.

Josephine Glenn Wright, surviving wife of Leonard L. Wright, deceased, joined by her three children, Leon Leonard Wright, Ralph Glenn Wright and Margaret Josephine Prokish, appellees, brought this suit in Hale County, Texas, against Fieldton Co-operative Gin, a Lamb County Corporation, appellant, for damages growing out of the death of Leonard L. Wright, which death occurred as a result of a collision between appellant's truck and a car driven by Wright. Appellant duly filed its plea of privilege to be sued in Lamb County and upon the trial court overruling such plea appellant perfected its appeal presenting two points of error.

Appellees' sole witness on the issue of venue was Jack W. Thomas, who was driving appellant's truck at the time of the collision. This witness testified that he was driving appellant's truck south on the right hand side of a straight and level paved highway about 9 o'clock in the morning and that, about a quarter of a mile back from the point of collision, he was driving 42 miles per hour. His testimony is that he slowed down as he approached the intersection and that he had taken his foot completely off the accelerator. Immediately prior to the collision a pickup automobile "whipped up onto the right-of-way ahead" of appellant's truck and proceeded down the highway in the same direction in which the truck was going. Thomas further testified

that the Mercury automobile in which Wright was killed was being driven behind the pickup and that the automobile slowed down on the dirt highway before proceeding onto the paved highway in front of appellant's truck. The truck driver testified that he believed that the automobile was going to stop and that when the same had driven onto the paved portion of the highway he did not have time to veer either way and was unable to avoid the collision by applying all the brakes on the truck. The Mercury automobile was struck at the center of the body by the truck and while the automobile was on the truck's right hand side of the highway. The parties stipulated that Wright sustained injuries in the accident and died therefrom.

Appellees cite Gorbett Bros. Welding Co. v. Malone, Tex.Civ.App., 254 S.W.2d 848 and Gorbett Bros. Welding Co. v. Reynolds, Tex.Civ.App., 252 S.W.2d 1018. These cases arose out of the same collision occurring in Grand Saline. Under such cases and like authorities, it is appellees' theory that venue was properly sustained in Hale County under Exception 9 to Article 1995, in that appellant's driver had committed a crime or trespass in Hale County, Texas, in failing to yield the right-of-way to the Mercury automobile and further that, in view of the surrounding circumstances, appellant's driver was proceeding at an excessive rate of speed. The above two cases cited by appellees sustained the trial court in overruling a plea of privilege under the provisions of Article 6701d, Section 71(a), Vernon's Annotated Texas Civil Statutes. In such cited cases the evidence established that the collision occurred on intersecting streets in the town of Grand Saline. Further, the evidence conclusively established that the truck was approximately half a block from the intersection of Highway 80 and Main Street in Grand Saline at the time the automobile in which the deceased was riding entered the intersection. The testimony also established that the Main Street in Grand Saline was 100 feet in width while the intersecting highway was only 50 feet in width. None of the above elements are pertinent to the cause here in issue since this collision occurred in a rural section while appellant's truck was proceeding down a paved highway. It is of particular import that the record in the cause here at issue discloses that just prior to the Mercury automobile being driven upon the paved highway it was preceded by a pickup which the testimony reveals " * * just came off that dirt road and whirled up on the highway and went on". A reasonable presumption arising from the testimony as to the driving of the pickup is that appellant's truck was about to enter the intersection at approximately the same time as the pickup and that the driver of the pickup, in whipping the same upon the highway in front of the truck at a speed "just about as fast as he could turn safely", did so to avoid a collision. The Mercury automobile in which the deceased was killed proceeded upon the paved portion of the highway following this pickup and at a time when appellees' witness testified he did not have time to veer either way with the truck. Another element which has not been clarified in the cause is Section 71(b) of Article 6701d which provides as follows: "When two (2) vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." The undisputed testimony of appellees' witness reveals that the deceased was the driver of the vehicle on the left while appellant's truck operator was driving the truck on the right at the intersection, but the issue is not clarified as to the respective time of entry of each vehicle into the intersection.

One specific issue raised by appellees' brief is overruled. Appellees assert that when the pickup was driven into the intersection in front of appellant's truck this effected a transformation of the truck's lawful rate of speed into excessive speed at the time and on the occasion in question. Since appellant's driver was operating its truck at a lawful rate of speed on a rural paved highway on his own right-hand side of the same, it is not a sound proposition that such lawful speed could be immediately transformed into excessive speed by the action of a third party "whipping" a pickup on the right-of-way ahead

of the truck. In this connection it is further observed that Gaines v. Bader, Tex. Civ.App., 253 S.W.2d 1014, cited by appellees in regard to excessive speed under the facts and circumstances, involves facts and circumstances in existence at the time of the operation of the motor vehicle. Also, Cumba v. Union Bus Lines, Inc., Tex. Civ.App., 229 S.W.2d 176, interprets Secs. 73(a) and (b) of Art. 6701d governing right-of-way on a "through highway" while no facts in the record on appeal reveal that either of the intersecting highways was a "through highway"

The first principle to be observed under the facts as above outlined from the record is that laid down by the Supreme Court in Goodrich v. Superior Oil Co., Tex. Sup., 237 S.W.2d 969, 972 [1], as follows: "The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear." When we examine the facts in the cause here in issue under the appropriate rules of law, the ruling is impelled that the driver of appellant's truck did not commit a crime or trespass in Hale County, Texas, within the provisions of Exception 9, Article 1995, supra, and venue cannot, therefore, be sustained in such county. Comet Motor Freight Lines, Inc., v. Holmes, Tex.Civ. App., 203 S.W.2d 233; Hannah v. Stephens, Tex.Civ.App., 101 S.W.2d 823; Meredith v. McClendon, Chief Justice, 130 Tex. 527, 111 S.W.2d 1062; Bowers v. Bingham, Tex.Civ.App., 159 S.W.2d 576; Maxey v. State, Tex.Cr.App., 249 S.W.2d 66. Appellant's first point of error is sustained.

Appellant's second point of error is predicated upon the proposition that plaintiffs wholly failed to prove a cause of action against defendant in that they did not introduce any evidence disclosing that Josephine Glenn Wright was the surviving wife of the deceased and that the other appellees were his surviving children and heirs. This point is governed by the following principle: " 'It is fundamental that no person can maintain an action respecting a subject matter to which he has no interest or right or duty, either personal or fiduciary. The question of who may maintain an action is a matter of law, and not subject to be controlled by parties. If the lack of authority appears as a matter of law to maintain a suit on a particular subject matter, a cause of action therefor is not stated.' " Ortiz Oil Co., Inc., v. Railroad Commission, Tex.Civ.App., 62 S.W.2d 376, 381 [10–12]; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810. It appears from these citations that this issue in the trial court is a matter of law which may be ascertained from an examination of the petition and, if such reveals a lack of authority, no cause of action is stated. No issue is presented requiring the introduction of evidence as asserted by appellant's second point and the same is overruled. However, appellant's second point might well have been disposed of by the introduction of testimony showing the relation of appellees to the deceased and thereby revealing by testimony their right to bring the cause of action as plead. Treme v. Stender, Tex.Civ.App., 245 S.W.2d 315, Syl. 6.

The judgment of the trial court is reversed and the cause is remanded, with instruction that venue of the cause of action be transferred to Lamb County, Texas.