Mr. Bill Hale Executive Director Texas Commission on Human Rights P.O. Box 13493, Capitol Station Austin, Texas 78711
Re: Authority of a local human relations commission to file suit under section 4.03(5) of article 5221k, V.T.C.S.
Dear Mr. Hale:
You request clarification of the source of a local human rights commission's authority to file employment discrimination actions. Specifically, you ask whether a local commission may file civil actions pursuant to section 4.03(5) of the Texas Commission on Human Rights Act, V.T.C.S. art. 5221k, without a local ordinance authorizing such action. We conclude that once a local commission is created pursuant to section 4.02 of the act, the local commission is authorized by section 4.03(5) of the act to file civil actions as specified in section 4.03(5), which is controlled by section 4.04(a). No local ordinance is necessary. This does not, however, prevent a political subdivision from either adopting and enforcing an ordinance pursuant to section 4.01 or delegating to its local commission the power to enforce its ordinance.
As a preliminary matter, when a political subdivision has no direct interest in a particular claim and, consequently, no standing, it also lacks standing to act in the public interest. City of Jefferson v. Railroad Commission, 453 S.W.2d 906, 908
(Tex.Civ.App.-Austin 1970, writ ref'd n.r.e.); Hidalgo County Water Improvement District No. 2 v. Cameron County Water Control 
Improvement District No. 5, 253 S.W.2d 294, 300 (Tex.Civ.App.-San Antonio 1952, writ ref'd n.r.e.) (political subdivision may be class representative in suit relating to the function of the political subdivision). The legislature may place the authority to represent the public by filing suit where it chooses, so long as it does so constitutionally. The question of who may maintain an action is a matter of law and is not subject to the control of the parties. Fieldton Co-operative Gin v. Wright, 259 S.W.2d 603,605 (Tex.Civ.App.-Amarillo 1953, no writ). Thus, a political subdivision may confer upon itself or upon its delegatee the authority to assert another individual's or entity's cause of action only as specified by law.
In addition to the jurisdiction of the state commissison, article 5221k provides for two local methods of effecting its purposes: one by the political subdivision itself and the other through a local commission. Section 4.01 indicates that
 [a] political subdivision may adopt and enforce an ordinance that prohibits practices designated as unlawful under this Act, or otherwise declared unlawful under federal or state law. (Emphasis added).
Section 4.02 provides for local commissions in part as follows:
A political subdivision or two or more political subdivisions acting jointly may create a local commission to promote the purposes of this Act. . . . (Emphasis added).
Both of these provisions are permissive; thus, a political subdivision need not enact and enforce employment discrimination ordinances and need not create a local human rights commission which would promote the purposes of article 5221k on the local level. No local action is necessary for enforcement of article 5221k on the local level by the state commission absent these actions. A political subdivision may delegate the authority to enforce its own section 4.01 ordinance; however, once a political subdivision creates a local human rights commission pursuant to this statute, which specifically authorizes certain powers, the local commission has at least the powers authorized by the statute. See Attorney General Opinion H-753 (1975); see also Attorney General Opinions H-1092 (1977); H-619 (1975).
Section 4.01 is a provision which emphasizes that a political subdivision is not preempted from preventing employment discrimination and which grants authority to prevent local discrimination by enforcement of a local ordinance which may or may not duplicate article 5221k. Generally, local regulation that is ancillary to and in harmony with the general scope and purpose of state enactments is acceptable. City of Brookside Village v. Comeau, 633 S.W.2d 790, (Tex. 1982) cert. denied, 459 U.S. 1087
(1982). Article 5221k specifically authorizes local ordinances; nothing in article 5221k prohibits a political subdivision from delegating the power to enforce its ordinances to its local commission.
Section 4.02 is an independent provision, with regulation by local commissions guided by the provisions of article 5221k rather than by the provisions of a local ordinance. Therefore, a local commission created pursuant to section 4.02 has the authority to file certain civil actions to enforce article 5221k, as directly granted by section 4.03(5) of the act. Section 4.03(5) grants local commissions the power
 to receive, investigate, seek to conciliate, and pass on complaints alleging violations of this Act, and file civil actions to effectuate the purposes of this Act if the federal government or state commission has referred the complaint to the commission or has deferred jurisdiction over the subject matter of the complaint to the commission. . . . (Emphasis added).
A local human rights commission may file civil actions in these instances, as further controlled by section 4.04(a), without separate authorization by local ordinance.
 SUMMARY
The authority of a local human rights commission, created pursuant to section 4.02 of article 5221k, to file civil actions pursuant to section 4.03(5) is not contingent upon enactment of a local ordinance. Nevertheless, a political subdivision may adopt and enforce a local ordinance pursuant to section 4.01, and nothing in article 5221k prohibits a political subdivision from delegating to its local commission the power to enforce the ordinance.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General